### LUDINGTON v. McCAUGHN, Collector of Internal Revenue.

(District Court, E. D. Pennsylvania. June 14, 1923.)

No. 9924.

1. **Internal revenue** ☞7—Only "actual income" taxable and actual losses deductible under Revenue Act 1918.

It was the purpose of Revenue Act 1918 to tax actual income accruing after March 1, 1913, when the Sixteenth Amendment became effective, and it was not intended to tax fictitious or paper profits, nor to permit deduction of fictitious or paper losses.

2. **Internal revenue** ☞7—Market value of securities on March 1, 1913, held not to affect "loss" deductible from income on resale.

Though Revenue Act 1918, § 202(a), being Comp. St. Ann. Supp. 1919, § 6336⅛bb, makes the fair market value on March 1, 1913, the basis for determining gain or loss on property acquired before that date, where there was an actual loss on securities so acquired and later sold, the amount deductible from income of the year when they were resold is such actual "loss," and is not affected by the market value of the securities on that date.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Loss.]

At Law. Action by Charles H. Ludington against Blakely D. McCaughn, Collector of Internal Revenue. On affidavit of defense raising question of law. Judgment for defendant.

Ralph B. Evans, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Dist. Atty., of Philadelphia, Pa., and P. C. Alexander, of Washington, D. C., for defendant.

McKEEHAN, District Judge. The plaintiff sues to recover $3,094, the amount of an additional income tax assessed against him for the calendar year 1919 and paid under protest. Prior to March 1, 1913, he purchased certain securities for $32,500, and sold them in 1919 for $3,866.91. Thus the difference between the cost and the selling price, the actual loss, was $28,633.09. The selling price, however, was $33,183.09 less than the market price of the securities on March 1, 1913. In his income tax return, the plaintiff claimed the larger sum as a deduction, and the Commissioner reduced the amount of the deduction to the actual loss, thereby increasing the plaintiff's tax by $3,094.

[1, 2] The plaintiff stands upon the letter of section 202 of the Revenue Act of 1918 (approved February 24, 1919, 40 Stat. 1060

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[Comp. St. Ann. Supp. 1919, § 6336⅛bb]), and insists that, if it means what it says, he is entitled to the deduction he claimed. This section provides:

"Sec. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

"(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; and

"(2) In the case of property acquired on or after that date, the cost thereof. * * *"

This provision, standing alone, gives color to the plaintiff's contention, but not when considered in relation to the Sixteenth Amendment and in relation to other provisions of the act. The grant of power extended only to the taxtion of actual income. The act intended to tax only actual income, which means actual gross income less the deductions specified in the act. Included in gross income are "gains, profits, and income derived from * * * sales or dealings in property, whether real or personal." And among the deductions allowed are "losses sustained during the calendar year, and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business." The adoption of the Sixteenth Amendment was proclaimed by the Secretary of State on February 25, 1913, and, in order that gains and losses that had accrued prior to that time should be excluded in the computation of "income," the market price as of March 1, 1913, was selected as the basis for computing gains and losses as to property acquired prior thereto. In other words, the act was to operate only on gains and losses accruing subsequent to the adoption of the amendment. But, in selecting this method of accomplishing the result, Congress did not intend to impose a tax on a mere fictitious or paper profit, or to permit the deduction of a mere fictitious or paper loss. Only actual gains are taxed; only actual losses are deductible. The intent and purpose of section 202 is this: That where a part, but not all of an actual gain accrues after March 1, 1913, only so much as accrues after that date is income, and where a part, but not all, of an actual loss accrues after March 1, 1913, only so much as accrues after that date is deductible. It is a limitation upon the amount of gains that are taxed and of losses that are deductible. Given an actual gain or loss, the market value on March 1, 1913, was selected as a reasonable criterion for determining how much, if any, of the gain or loss accrued subsequent to the adoption of the amendment.

In Walsh v. Brewster, 255 U. S. 536, 41 Sup. Ct. 392, 65 L. Ed. 762, one of the transactions before the court involved securities that Walsh purchased in 1902 and 1903 for $231,300 and sold in 1916 for $276,150, an actual gain of $44,850. Their market value on March 1, 1913, however, was only $164,480, and the collector assessed the tax upon $111,670, being the difference between that market value and the selling price. The decision was that the assessment was illegal and that Walsh was taxable only on his actual gain of $44,850. Another transaction involved in the Walsh Case was

the purchase of securities in 1899 for $191,000 and their sale in 1916 for the same amount. Their market value on March 1, 1913, however, was only $151,854. The decision was that a tax assessed on the difference between that amount and the selling price was illegal, no actual gain having been realized.

In Goodrich v. Edwards, 255 U. S. 527, 41 Sup. Ct. 390, 65 L. Ed. 758, one of the transactions had reference to securities that had been purchased in 1912 for $500 and sold in 1916 for $13,931.22. The market value on March 1, 1913, was $695. Thus there was an actual gain of $13,431.22, but only $13,236.22 of it had accrued subsequent to March 1, 1913. The decision was that the tax was properly assessed on the latter amount. The other transaction involved in the Goodrich Case was a block of securities purchased in 1912 for $291,600 and sold in 1916 for $269,346, an actual loss of $22,254. The market value on March 1, 1912, however, was only $148,635, so that the taxpayer had a paper profit of $120,711 on the basis of the March 1, 1913, value. The decision was that, an actual loss having been sustained, a tax assessed upon the paper profit was illegal. Whether the taxpayer could have claimed a deduction for his actual loss of $22,254 was not before the court and was not decided.

The questions decided in these cases had to do with gains, not losses, and the cases arose under the Income Tax Law of 1916 (39 Stat. 756). But the provisions of that act on this question differed only in arrangement and not in substance with the act of 1918. Section 2(c) of the act of 1916 (Comp. St. § 6336b) provided that, "for the purpose of ascertaining the gain derived from the sale" of property acquired prior to March 1, 1913, the fair market price as of that date "shall be the basis for determining the amount of such gain derived," and section 5 (section 6336e), in dealing with allowable deductions, provided that, "for the purpose of ascertaining the loss sustained from the sale" of property acquired before March 1, 1913, the fair market price as of that date "shall be the basis for determining the amount of such loss sustained." Thus, under the act of 1916. losses were to be computed in the same way as gains, and these provisions were substantially re-enacted in section 202 of the act of 1918. So I think that the Supreme Court's construction of the act of 1916 as to the computation of "gains" applies equally to the computation of "losses" under the act of 1918.

The plaintiff, therefore, was not entitled to a deduction in excess of his actual loss, and the additional tax of $3,094 was properly assessed. Judgment may be entered for the defendant.