## McCAUGHN, COLLECTOR OF INTERNAL REVE-NUE, v. LUDINGTON.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 733. Argued January 12, 1925.—Decided April 13, 1925.

Decided upon the authority of *United States* v. *Flannery, ante*, p. 98.

1 Fed. (2d) 689, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals reversing a judgment of the District Court (290 Fed. 604) recovered by Ludington in an action for money paid under protest as income tax.

The *Solicitor General*, with whom *Messrs. Robert P. Reeder* and *Frederick W. Dewart* were on the brief, for petitioner.

*Mr. William D. Guthrie*, with whom *Messrs. Hugh Satterlee, William R. Perkins* and *Ralph B. Evans* were on the briefs, for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case arises under the income tax provisions of the Revenue Act of 1918,[1] and presents another aspect of the question relating to deductible losses sustained from the sale of property acquired before March 1, 1913, which was involved in *United States* v. *Flannery*, just decided, *ante*, p. 98.

Ludington bought, prior to March 1, 1913, certain corporate stock for $32,500. Its market value on March 1, 1913, was $37,050. He sold it in 1919 for $3,866.91, which was $28,633.09 less than its purchase price, and $33,-

---

[1] Act of Feb. 24, 1919, c. 18, Title II, 40 Stat. 1057.

183.09 less than its market value on March 1, 1913. In his income tax return he deducted the latter sum as the amount of his loss on the sale of the stock. The Commissioner of Internal Revenue reduced the amount of the deduction to the actual loss of $28,633.09, and assessed an additional tax against him. He paid this tax under protest, and, after the usual preliminary procedure, brought this suit against the Collector in a federal District Court in Pennsylvania to recover the amount so paid. Judgment was entered for the defendant. 290 Fed. 604. This was reversed by the Court of Appeals. 1 Fed. (2d) 689. And this writ of certiorari was granted. 266 U. S. 599.

The case is governed by the decision in *United States* v. *Flannery, supra.* It was there held, on the authority of *Goodrich* v. *Edwards,* 255 U. S. 527, and *Walsh* v. *Brewster,* 255 U. S. 536, that the Act allowed a deduction to the extent only that an actual loss was sustained from the investment, as measured by the difference between the purchase and sale prices of the property. It follows that, as the actual loss to Ludington in the entire transaction was the difference between the purchase and selling prices, that is, $28,633.09, he was only entitled to deduct this amount, and not the difference of $33,183.09 between the market value on March 1, 1913 and the selling price. This is in exact correspondence with the decision in *Walsh* v. *Brewster, supra,* in reference to the second transaction there involved, in which it was held that the taxable gain derived from the sale of property was only the difference between the purchase and selling prices, and not the difference between the market value on March 1, 1913 and the selling price.

So under the Income Tax Law of New York, which, as pointed out in *United States* v. *Flannery,* is a substantial transcript of the Revenue Act of 1918, except that January 1, 1919 is substituted for March 1, 19 3, it was

specifically held, in a case precisely similar to the present, that the loss deductible by the taxpayer was limited to the difference between the purchase and selling prices, although on January 1, 1919 the property had a higher value than when it was purchased, and the loss if computed from that date would have been greater than when computed from the purchase price. *People ex rel. Keim v. Wendell,* 200 App. Div. 388.

The judgment of the District Court is accordingly affirmed, and that of the Circuit Court of Appeals

*Reversed.*

MR. JUSTICE MCREYNOLDS and MR. JUSTICE SUTHERLAND dissent.