## APPEAL OF BENJAMIN T. BRITT.

Docket No. 1905.    Submitted April 23, 1925.    Decided June 12, 1925.

Losses on sales of securities allowed.

*George J. Edwards, Jr., Esq.*, for the taxpayer.
*Edward C. Lake, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal involves a deficiency in income tax for the years 1920 to 1923, inclusive, in the amount of $15,975.83. The deficiency arose from the disallowance of losses claimed on account of the sale of securities in 1920 and 1921. The appeal was submitted on the pleadings and oral and documentary evidence, from which the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a resident of Philadelphia, Pa., and maintains an office in that city.

2. On October 14, 1920, the taxpayer sold and delivered to Walter B. Pollock, a dealer in investment securities at Philadelphia, the following stocks and bonds:

100 shares Wilmington Gas Co. preferred stock.
$5,000 Pittsburgh, C., C. & St. Louis Ry. Co. 4½ per cent bonds.
$3,000 Union Steel Co. first collateral 5's.
$5,000 Market Street Elevated 4's.
$5,000 Consumers Electric Light & Power 5's.
$5,000 Pennsylvania Public Service first 5's.
$5,000 Pennsylvania Utilities Co. first 5's.
$5,000 Citizens G. & E. Co. consolidated 6's.
$3,000 Western States G. & E. refunding 5's.
$10,000 Northern States Power first 5's.
$5,000 American Ice Real Estate first 6's.
$10,000 Pittsburgh, C., C. & St. Louis Ry. Co. 4½'s.
100 shares Wilmington Gas Co. preferred stock.
100 shares General Motors debenture stock.

Pollock paid the taxpayer for these stocks and bonds and accrued interest $59,405.13, by two checks dated October 14, 1920. Within a few hours after Pollock bought these stocks and bonds he sold

them to F. P. Ristine & Co., brokers of New York and Philadelphia, at practically the same price he had paid for them. Later in the same day the taxpayer purchased, through Ristine & Co., stocks and bonds of the same kind, and in the same amount, as those which he had sold to Pollock.

On October 13, 1920, the taxpayer sold on the stock exchange, through Ristine & Co., $10,000 par value Electric and Peoples 4 per cent bonds, and received for them and accrued interest, less brokerage charges, $5,299.64, by check dated October 15, 1920.

The stocks and bonds sold by the taxpayer to Pollock on October 14, 1920, were acquired by him on December 31, 1919. The bonds sold by him to Ristine & Co. on October 13, 1920, were owned by him since prior to March 1, 1913. The total net selling price of these stocks and bonds was $63,089, which is $10,141 less than their respective costs to taxpayer and their market value on March 1, 1913. There are no admissions in the pleadings, nor is there any evidence in the record, to show the actual cost to taxpayer of the stocks and bonds acquired by him on December 31, 1919, or the cost or the market value on March 1, 1913, of the bonds owned by him on and prior to March 1, 1913.

3. On October 14, 1920, the firm of Kennedy & Britt, composed of Benjamin T. Britt and Mary A. Britt, each having an equal interest therein, sold to the said Walter B. Pollock, at market price, the following bonds and stocks:

$20,000 Long Island Railroad Co. debenture 5's.
$5,000 Northern Indiana G. & E. first refunding 5's.
$5,000 New England Power Co. first 5's.
$10,000 Northern States Power Co. first 5's.
$5,000 United Fuel Gas Co. first 6's.
$5,000 Scranton Railway first refunding 5's.
$10,000 West Pennsylvania Power Co. first 5's.
$10,000 Philadelphia Rapid Transit 5's.
$10,000 Georgia Railway & Electric refunding 5's.
$5,000 Pennsylvania Central Light & Power Co. 6's.
$5,000 Portland Railway & Light first 5's.
$10,000 American Ice Real Estate first 6's.
100 shares Steel Tube, 7 per cent preferred stock.
100 shares Panhandle Prod. & Ref. preferred.
50 shares Panhandle Prod. & Ref. common.
100 shares Beaver Board Co. preferred stock.

For these bonds and shares of stock and accrued interest, less certain taxes amounting to $14.00, Pollock paid Kennedy & Britt $99,-128.24, by check dated October 14, 1920. Within a few hours Pollock sold these stocks and bonds to Ristine & Co. Later in the same day, Kennedy & Britt purchased, through Ristine & Co., stocks and bonds of the same kind, and in the same amounts, as those which they had sold to Pollock.

On October 13, 1920, Kennedy & Britt sold and delivered through Ristine & Co. $10,000 par value Philadelphia Electric first 5 per cent bonds for $4,106.25, plus accrued interest and less brokerage, and received Ristine & Co.'s check for $4,107.78, the proceeds of such sale. The partnership purchased, through Ristine & Co., bonds of the same kind, and in the same amount, as those sold.

On November 24, 1920, Kennedy & Britt sold and delivered to Pollock the following bonds:

$10,000 Brooklyn Edison Co. general mortgage 6 per cent bonds.
$5,000 Rockhill Coal & Iron Co. first mortgage 6 per cent bonds.

and received from Pollock, for the bonds and accrued interest, $12,932.50. Pollock immediately sold the bonds to Ristine & Co. Kennedy & Britt later in the same day purchased, through Ristine & Co., bonds of the same kind, and in the same amount, as those which they had sold to Pollock.

The stocks and bonds sold by Kennedy & Britt to Pollock and Ristine & Co. on October 13, October 14, and November 24, 1920, were acquired by Kennedy & Britt between September 14, 1919, and March 22, 1920, at a cost of $130,175, and they were sold at a total net price of $113,731.25, or $17,443.75 less than cost.

4. On October 11 and November 2, 1921, the taxpayer sold and delivered to Pollock the following stocks and bonds:

$7,000 Southern Railway Co. development and general 4 per cent bonds.
$5,000 Reading Co. general mortgage 4·per cent bonds.
$5,000 Charleston Consolidated Railway G. &. E. Co. consolidated mortgage 5 per cent bonds.
200 shares Wilmington Gas Co. 6 per cent preferred stock.
$6,000 Janney & Burrough first mortgage 6 per cent bonds.

and received from Pollock for the stocks and bonds and accrued interest $25,818.42, by checks dated October 13 and December 8, 1921, respectively. Pollock within a few hours subsequent to the purchase of these stocks and bonds sold them to Ristine & Co. at about the same price he had paid for them. Later on the same date the taxpayer purchased, through Ristine & Co., stocks and bonds of the same kind, and in the same amount, as those which he had sold to Pollock.

The stocks and bonds sold by the taxpayer to Pollock on October 11 and November 2, 1921, were acquired by him on December 31, 1919, and October 14, 1920, at a total cost of $30,883.75. The total net selling price was $25,675.75, or $5,208 less than cost.

5. On April 7, June 6, October 11, November 2, and November 18, 1921, Kennedy & Britt sold and delivered to Pollock the following stocks and bonds:

100 shares Beaver Board Co., common.
100 shares Beaver Board Co., preferred.

$20,000 State of South Dakota Rural Credit 5 per cent bonds.

$10,000 State of Louisiana Port Commission 5 per cent bonds.

$10,000 City of Chicago, Ill., 4 per cent improvement bonds.

$10,000 Pennsylvania Railroad Co. general mortgage 5 per cent bonds.

$10,000 Georgia Railway & Electric Co. refunding and improvement 5 per cent bonds.

$10,000 Seaboard Air Line Railway Co. first and consolidated mortgage 6 per cent bonds.

$10,000 Charleston Consolidated Railway G. & E. Co. consolidated mortgage 6 per cent bonds.

$10,000 Pennsylvania Ohio Power & Light first and refunding 7½ per cent bonds.

$10,000 Cleveland Terminal & Valley Railroad Co. first mortgage bonds.

100 shares Pittsburgh, Fort Wayne & Chicago Railway Co. preferred.

100 shares Steel Tube Co. of America preferred.

100 shares Beaver Board Co. preferred.

100 shares Beaver Board Co. common.

$5,000 Janney & Burrough first mortgage 6 per cent bonds.

100 shares Beaver Board Co. preferred.

For these stocks and bonds and accrued interest Pollock paid Kennedy & Britt $117,352, by checks dated April 7, June 6, October 13, and December 8, 1921, respectively. When Pollock purchased the stocks and bonds listed in this paragraph, he, within a few hours subsequent to the purchases, sold them to Ristine & Co. at the same price he had paid for them. Later on the same date, Kennedy & Britt purchased, through Ristine & Co., stocks and bonds of the same kind, and in the same amounts, as those which they had sold to Pollock. The stocks and bonds sold to Pollock on April 7, June 6, October 11, November 2, and November 18, 1921, were acquired by Kennedy & Britt between December 30, 1919, and June 7, 1921, at a total cost of $134,318.50. The total net selling price was $115,962.50, making a difference between cost and selling price of $18,356.08.

6. The several sales of stocks and bonds herein set forth were made by Benjamin T. Britt and Kennedy & Britt for the express and only purpose of establishing a loss on said stocks and bonds and thereby reducing the net income of Benjamin T. and Mary A. Britt for the years 1920 and 1921. At the close of each day's transactions, Benjamin T. Britt and Kennedy & Britt owned stocks and bonds of the same kind, and in the same amounts, as those which they had owned at the beginning of the day.

7. In computing his net income for the year 1920, the taxpayer deducted $10,141 on account of the loss alleged to have been sustained by him on the sales of stocks and bonds in that year, and in computing his net income for the year 1921 he deducted $5,208, as a loss claimed to have been sustained in that year on sales of stocks and bonds. The firm of Kennedy & Britt deducted on ac-

count of its alleged losses on the sales of stocks and bonds $16,501.25 in computing its net income for 1920, and $18,381 in computing its net income for 1921. The Commissioner disallowed these deductions and determined that, as to the taxpayer, Benjamin T. Britt, there is a deficiency in tax of $9,919 for the year 1920 and $8,233.68 for the year 1921, and overassessments of $476.45 and $1,701 for the years 1922 and 1923, respectively, making a net deficiency for the years 1920 to 1923, inclusive, of $15,975.83.

## DECISION.

The deficiency should be determined in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

## OPINION.

TRAMMELL: Upon the facts set out above, we are of the opinion that the several sales of securities therein referred to were actual and *bona fide* sales. *Appeal of Pennsylvania Co. for Insurance on Lives and Granting Annuities*, 2 B. T. A. 48.

There is no deductible loss on account thereof, however, unless the sales price was less than cost. This applies equally to those securities held on March 1, 1913, as to those subsequently acquired. See *McCaughn* v. *Ludington*, 268 U. S. 106; and *United States* v. *Flannery*, 268 U. S. 98.

There is no evidence as to the cost of the securities set out in paragraph 2 of the findings of fact. Some were sold on October 13 and others on October 14, 1920. The record indicates that the aggregate price received for all the securities referred to in that paragraph of the findings was less than the " respective cost or March 1, 1913, value " thereof, but this gives the Board no basis for segregating and determining the cost or the March 1, 1913, value. In the absence of evidence as to the cost of the securities referred to in paragraph 2 of the findings, the Board is unable to determine that a loss was sustained on the sale thereof.

With respect to the other securities mentioned in the findings of fact above, we are of the opinion that the taxpayer is entitled to a deduction based on the difference between the cost and the sales price.