### APPEAL OF ANNISTON CITY LAND CO.

Docket No. 1368.    Submitted May 4, 1925.    Decided September 8, 1925.

Under the Revenue Act of 1918, losses resulting from sale of assets acquired prior to March 1, 1913, can not be determined unless cost, March 1, 1913, value, and sale price are proven.

Contribution by corporation *held* to be deductible as a business expense.

*W. A. Davis* for the taxpayer.
*A. H. Fast, Esq.*, for the Commissioner.

Before GREEN, LANSDON, and LOVE.

The Commissioner has asserted deficiencies in income tax for the years 1918, 1919, and 1920, totaling $2,315.09. The taxpayer has appealed, and alleges two errors: First, the action of the Commis-

sioner in disallowing certain losses alleged to have resulted from the sale of small parcels or lots of real estate; and, second, the action of the Commissioner in disallowing as a deduction a contribution alleged to be a business expense.

### FINDINGS OF FACT.

The taxpayer, a corporation, in 1887 exchanged $3,000,000 par value of its capital stock for a circular tract of land some 5,000 or 6,000 acres in area, on which was located the town of Anniston, Ala. On the lands acquired were a waterworks plant, subsequently sold for $75,000, an electric-light plant, subsequently sold for $4,500, and a few houses.

The assets thus acquired were worth, at the date of acquisition, the par value of the stock exchanged therefor. The land sales of the company prior to March 1, 1913, totaled $1,421,000. The remainder was on that date inventoried by lots and parcels, the total value being fixed at $1,240,000. The subsequent sales proved the inventory to be remarkably accurate. The values of lands or lots were practically the same on March 1, 1913, as they were on the date of acquisition. The purchase in 1887 was a purchase of the entire tract for a lump consideration. The cost of the various lots or parcels was not and has never been determined. During the years in question several lots were sold for less than inventory value.

In 1918 the Chamber of Commerce of Anniston undertook to get an Army post located at that city. In order to do this it was necessary to raise a fund sufficient to purchase a tract of land to be given to the Government. The site of the camp was selected before the fund was raised. The taxpayer contributed in 1918 $3,430, knowing that the camp would be located outside the city limits and immediately contiguous to its lands for a distance of approximately 2 miles.

While on the witness stand the president was asked the following question:

Why did your corporation make that contribution?

His answer was:

For the direct and immediate and positive benefit it would be to us in the sale of our lands.

We believe the answer aptly summarizes the situation and adopt it as our finding of fact.

Camp McClellan was established on the lands selected, with the result that the sales of the taxpayer were increased thirtyfold.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

OPINION.

GREEN : Under the Revenue Act of 1918 deductible losses resulting from the sale of assets acquired prior to March 1, 1913, are measured by subtracting the sale price from the cost, or March 1, 1913, value, whichever is lower. *United States* v. *Flannery*, 268 U. S. 98; and *McCaughn* v. *Ludington*, 268 U. S. 106, both decided April 13, 1925. While it may be that the taxpayer has sustained a financial loss as a result of the sale of some of the lots, we are unable to measure it for the purpose of determining the deductible loss. We have been provided with but one element, namely, sale price, for making the computation. We can not determine the loss without the other elements, namely, cost and March 1, 1913, value. So much of the deficiency as results from the disallowance of losses must be approved.

The obvious and realized purpose of the contribution was to stimulate land sales. We said in the *Appeal of The Thomas Shoe Co.*, 1 B. T. A. 124:

To be deductible as a business expense a contribution, charitable or otherwise, must have in a direct sense some reasonable relation to the taxpayer's business.

The success of the Land Company depended upon the demand for the lots and acreage tracts which it was offering for sale. It owned practically all the land between the camp site and the developed portion of the city. The location of the camp inevitably increased the demand for land with a resultant increase in sales. It is difficult to imagine an expenditure which would have stimulated demand as did this contribution. Such a contribution has, in a direct sense, a reasonable relation to the taxpayer's business. So much of the deficiency as results from the disallowance of the deduction, as a business expense, of the contribution must be disapproved.

ARUNDELL not participating.