B. F. PERKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5152. Promulgated April 11, 1927.

Loss on sale of corporate stock allowed.

*South Trimble, Jr., Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

The Commissioner's letter which is the basis of this proceeding asserts deficiencies in income tax for the year 1918 in the amount of $1,177.05, and for the year 1919 in the amount of $2,981.89. The petitioner complains that the Commissioner has (1) erroneously disallowed a deduction from gross income for the year 1918 of a loss upon the sale of corporate stocks, and (2) that apparent errors appear in the computation of tax liability for each of said years.

### FINDINGS OF FACT.

For upwards of 20 years prior to 1918 the petitioner had been a resident of Sheridan, Wyo., where he was engaged in the business of banking. On or about January 3, 1911, in association with R. A. Keenan and others, the group purchased one-half of the outstanding stock of the Sheridan Brewing Co. The number of shares allotted to the petitioner was 100, for which he paid $10,000 on or about January 3, 1911.

During the year 1911, the petitioner received dividends upon this stock in an aggregate of $3,000, or 30 per cent. In 1912, he received

dividends aggregating $2,000, or 20 per cent, and in 1913 he received dividends aggregating $2,000, or 20 per cent.

The March 1, 1913, value of this stock was $200 per share.

During the years 1914 to 1918, inclusive, the petitioner received further dividends upon this stock in the aggregate amount of $15,000.

Early in 1918 the gathering clouds of prohibition enveloped the State of Wyoming, and this petitioner, with a view of escaping the impending crisis, sold his brewery stock for $5,000.

### OPINION.

TRUSSELL: The selling price of petitioner's brewery stock being less than the March 1, 1913, value, and less than its cost, which was also less than the 1913 value, the loss sustained is the difference between the cost and the selling price, namely, $5,000. *McCaughn* v. *Ludington*, 268 U. S. 106; 45 Sup. Ct. 423; 5 Am. Fed. Tax Rep. 5376.

Mathematical errors of computation, if they exist, will be corrected in the final settlement.

> *The deficiencies may be redetermined in accordance with the foregoing findings of fact and conclusions of law, upon 15 days' notice, pursuant to Rule 50, and judgment will be entered in due course.*