*701 OPINION.
Phillips:
The first error alleged is that the Commissioner, in computing the distributive shares of the petitioners in the income of the partnership of which they were members, refused to allow a deduction of $29,010. 40 claimed for loss of useful value of their plant. The evidence discloses that while the petitioners could no longer use this plant in the business in which they had been engaged prior to and during the taxable year, it was capable of use in other businesses and, while business conditions were such that they were unable to sell it in 1919, it nevertheless had a substantial value. The law authorizes the deduction of losses sustained but does not authorize the deduction of an anticipated loss due to fluctuations in value of property. While the evidence shows that the petitioners determined to discontinue operation of their business in 1918 and attempted to dispose of the building and found it impossible to secure a reasonable price at that time, these facts do not establish such a loss in 1918 as is required under the Income Tax Act before a deduction from income may be taken.
The second contention is that the partnership of which the petitioners were members should be allowed a deduction of an alleged loss of the good will value of their business. It is not contended that this good will was acquired by the petitioners at any cost to them and, this being so, no loss can be allowed. In United States v. Flannery, 268 U. S. 98; 5 Am. Fed. Tax Rep. 5373; and McCaughn v. Ludington, 268 U. S. 106; 5 Am. Fed. Tax Rep. 5376, the Supreme Court held that only actual losses sustained were deductible in computing the net taxable income and that the provision in the statute with respect to the March 1, 1913, value of property sold or otherwise disposed of served only to limit the actual loss and not to increase it. Here there was no actual loss and consequently no deduction may be allowed. In their brief, counsel for the petitioners contend for the allowance of a deduction in 1918 for the exhaustion or obsolescence of good will. Under subdivision (a) (8) of section 214, Revenue Act of 1918, any deduction upon such a basis must be disallowed upon authority of the decision of the Board in Manhattan Brewing Co., 6 B. T. A. 952, following the decision of the Circuit Court of Appeals, Eighth Circuit, in Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626; 6 Am. Fed. Tax Rep. 6360.
It appears that in 1919 the partnership sustained a net loss, one-half of which is attributable to each of the petitioners. In determining whether the petitioners, as distinguished from the partnership, had sustained any net loss in 1919 which they might deduct in *702 determining taxable income for 1918, the Commissioner took into consideration the income received by each of the petitioners from investments. Petitioners claim this is error.
In defining the term “net loss ” the Revenue Act of 1918 in section 204(a) provides:
That as used in this section the term “ net loss ” refers only to net losses resulting from either (1) the operation of any business regularly carried on by the taxpayer, or (2) the bona fide sale by the taxpayer of plant, buildings, machinery, equipment or other facilities constructed, installed or acquired by the taxpayer on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war; and when so resulting means the excess of the deductions allowed by law (excluding in the case of corporations amounts allowed as a deduction under paragraph (6) of subdivision (a) of section 234) over the sum of the gross income plus any interest received free from taxation both under this title and under Title III.
It is the contention of the petitioner that the phrase “when so resulting means the excess of the deductions allowed by law * * * over the sum of the gross income plus any interest received free from taxation both under this title and under Title III” refers only to income from the sources specified in clauses (1) and (2) of the paragraph. With this construction we can not agree. The term “ gross income ” is defined in section 213 of the Act and we see no reason to believe that the definition there given does not apply here. The two portions of the paragraph separated by a semicolon must be read together, and when this is done it seems clear that in determining whether a net loss has been sustained in 1919 which may bo deducted in 1918, the taxpayer must establish not only that a loss occurred from the sources mentioned in clauses (1) and (2) of section 204(a) of the Act, but also that such losses were not offset by income from other sources during 1919. The latter part of this paragraph of the Act is so worded that it is onty when a loss is sustained, considering all of the income of the taxpayer from all sources, and only to the extent of such loss, that he may shift a loss occurring under clauses (1) and (2) of the paragraph from 1919 to 1918. If the section were otherwise interpreted the taxpayer would be entitled in 1919 to deduct a loss under clauses (1) and (2) of the paragraph against nonbusiness income received in that year and also to deduct the same amount in determining net taxable income for 1918. It is not to be assumed that Congress intended to confer a double deduction and certainly, in view of the use of the words “ gross income ” and the definition of these words in the Act, such a construction would be unreasonable.

Decision will be entered for the respondent.

Considered by Maequette and Milliken.