*475 OPINION.
Lansdon :
The controversy here is over an alleged loss resulting from the sale of capital assets. The property sold was 2,000 shares of the common stock of the International Mail Equipment Co. which the petitioner acquired in 1911 in exchange for his one-third interest in certain corporate stock, American and foreign patents, and a contract with the Canadian Government, all of which had been purchased from prior owners for $20,000. The petitioner sold the 2,000 shares of stock so acquired in 1919 for $1, and claims a deduction from his gross income of $199,999, as loss sustained in such year. As the basis for his contention he alleges that the stock in question was acquired in 1911 at a cost of $200,000 and that it had value in that amount at March 1, 1913. The sale in the taxable year, admittedly made for the purpose of realizing a loss sustained by the shrinkage of the value of the stock, was in good faith, and the loss, if proved, would be deductible from gross income for that year.
A loss sustained in the sale of capital assets acquired before March 1, 1913, is measurable by the difference between cost or value at March 1, 1913, whichever is lower, and sales price, and is limited to the actual loss from the investment. McCaughn v. Ludington, 268 U. S. 106; United States v. Flannery, 268 U. S. 98. To prevail here, therefore, the petitioner must prove the cost of the property acquired in 1911 and its fair market value or price at March 1, 1913.
The stock in question was closely held and so far as the record discloses, there were no sales other than to incorporators on or about either of the basic dates. It was not listed on any stock exchange and so there are no market quotations. In the absence of any sales and of a market established thereby, we must resort to other sources for evidences of value. To this end the petitioner has adduced proof of the cost of the assets to prior owners, the earnings of the corporation from date of organization to 1915, the nature of its contract with and prospect for sales of its product to the Canadian Government, and the opinion of a New York stockbroker.
We are not impressed by the evidence of cost to prior owners. The petitioner failed to produce any evidence of the actual cash value of the patents, contract and corporation stock acquired in 1911, other than the option price. The earning power of the corporation may be regarded as in some degree a measure of the value of its stock. The International Mail Equipment Co. had substantial earnings in one *476 year prior to March 1, 1913, and in one subsequent year. Some dividends were paid on both preferred and common stock in at least three different years. The evidence of value based on earnings is not persuasive. The corporation had a very small investment in tangible property. It operated no plant of its own. It was dependent for its business and income on contracts with the Canadian and other foreign governments. At date of incorporation it acquired a single contract. At March 1,1913, it had completed the delivery of its product under that contract and had secured no further orders from any government. It was then engaged in an effort, later successful, to modify its patent mail box to meet the requirements of the Canadian parcel post, but further business and profits were contingent and prospective only. In these circumstances the amount of earnings proved is far less than enough to satisfy us that the common stock of the corporation was worth $100 per share, or $1,000,000, either, when issued or at March 1, 1913.
After a careful study of the entire record we are unable to agree with the respondent in his contention that the stock here in question cost the petitioner nothing. There was cost in 1911 and there was value at March 1,1913. The petitioner has not proved a cost of $100 per share or a value of that amount at March 1, 1913. We affirm the original determination of deficiency.
The petitioner having abandoned his allegation of error in respect of the asserted deficiency for 1918, the respondent is approved as to that issue.
Judgment will be entered on 10 days’ notice, under Rule 50.
Milliken not participating.