## MARY L. HUNNICUTT, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3621.   Promulgated February 24, 1928.

*George M. Stanton, Esq.,* and *J. J. Willingham, Esq.,* for the petitioner.

*W. F. Wattles, Esq.,* for the respondent.

OPINION.

MARQUETTE: The petitioner contends that the lands involved in this proceeding had a fair market value of $35 per acre on March 1, 1913, which should be taken as the basis for computing the gain or loss from the sale thereof in 1918. In support of her contention she introduced three witnesses, two of whom were real estate dealers who were familiar with the land and with other land and land values in the vicinity, and who testified that it had a value of at least $35 per acre on March 1, 1913. The respondent has rested upon his determination of value without attempting to controvert the evidence presented by the petitioner. On the record we are constrained to find that on March 1, 1913, the land had the value claimed by the petitioner.

The petitioner and Moss owned an undivided interest in 1,756.3 acres of land. By the contract of January 3, 1918, the petitioner purchased the one-third interest of Moss in 100 acres of said land, and the remainder of the land was sold at public auction. At the auction the petitioner, bidding as would any stranger to the sale, bid in and purchased 379.1 acres for $13,587.25. The petitioner could not derive a profit from this sale of 379.1 acres, neither could she sustain a loss, because she sold nothing as far as they are concerned. The only effect at the auction as to this acreage was to establish the price at which the petitioner purchased the undivided interest of Moss therein. What the petitioner did was to sell an undivided two-thirds interest in 1,277.2 acres and purchase an undivided one-third interest in 379.1 acres.

Coming now to determine whether the petitioner realized gain or sustained a loss on the sale, we find that on the basis of a value of $35 per acre her undivided interest in the 1,277.2 acres was worth $29,794.66 on March 1, 1913. She received, as her share of the net proceeds of the sale, $32,652.38, which included the amount of $9,058.17 (two-thirds of $13,587.27), which she paid for her own undivided two-thirds interest in the 379.1 acres bid in by her. She therefore realized from her interest in the 1,277.2 acres actually sold by her, $23,594.20, which is less than the fair market value of that land on March 1, 1913, but greater than its cost to her. It follows that the petitioner neither realized taxable gain nor sustained a deductible loss. *United States* v. *Flannery*, 268 U. S. 98, and *McCaughn* v. *Ludington*, 268 U. S. 106.

*Judgment will be entered on 15 days' notice, under Rule 50.*