*1201 OPINION.
Van Fossan:
At the hearing respondent’s counsel conceded that the income of petitioner as computed by respondent for 1920 was overstated in the amount of $18,006.97, thereby disposing of the first issue raised by the pleadings.
It not appearing that the overassessments for either of the years 1918 or 1919 arose upon the denial of claims in abatement of additional assessments, this proceeding is dismissed in so far as those years are involved. Appeal of Cornelius Cotton Mills, 4 B. T. A. 255. As to the year 1920, the record in this case raises but one issue — the value of certain real estate on March 1,1913.
As said by Mr. Justice Brewer in Montana Ry. Co. v. Warren, 187 U. S. 348:
At best, evidence of value is largely a matter of opinion, especially as to real estate.
Petitioner introduced as an expert witness a man of long experience, evident ability, high local repute, and thorough familiarity with the property. His qualifications were not questioned nor was the merit of his opinion weakened by cross examination. In the opinion of this witness the fair market value of the Los Angeles County properties was $253,772 on March 1, 1913. On this opinion petitioner rests her case. As observed by Justice Brewer in the above cited case:
It is fully open to tbe adverse party, if not satisfied with the values given, to call witnesses in the extent of whose knowledge and weight of whose opinion it has confidence.
This respondent did not choose to do. We are thus confronted with a record in which not merely the preponderance but all of the evidence of value supports petitioner’s contention.
It would seem to be a reasonable proposition that if the evidence adduced by one party in support of a proposed valuation is clear, convincing and uncontradicted and no reason for disbelieving or discounting such evidence is present, and if the adverse party neither weakens the testimony by cross-examination nor products any evidence on his own behalf, the party producing the evidence should prevail.
*1202 The evidence in this case convinces us that on March 1, 1913, the aggregate value of the land in question was not less than $253,722, the figure contended for by petitioner, which value we allow. The sale price of the land was $275,118.41. Under section 202(a) (1) of the Revenue Act of 1918 and McCaughn v. Ludington, 268 U. S. 106, and United States v. Flannery, 268 U. S. 98, the gain derived on the sale of these properties in 1920 was $25,274.70.
There is, in addition to the above, a profit of $321.50 on the sale of the lot in Claremont, Berkeley, and a profit of $32.80 attributable to title expense refunds received in 1920.
The deficiency should be recomputed in accordance with this decision.
Judgment will be entered on 15 days5 notice, under rule 50.