*747 OPINION.
Marquette:
The petitioners originally claimed that in 1920 the partnership of Rose Brothers sustained a loss of $12,895.10 on the sale of an undivided interest in certain lots. They now say that the loss was $8,000. We, however, are unable to agree that the partnership sustained any deductible loss.
The evidence shows that the partnership purchased an undivided one-half interest in the lots in question in the year 1909, paying therefor $4,500 in cash and assuming a mortgage for $9,500. On March 1, 1913, the fair market value of the lots was not to exceed $16,000 and the partnership’s undivided interest was worth not to exceed $8,000. This interest was, however, still subject to a mortgage. One of the petitioners testified that the mortgage was curtailed between 1909 and October 26,1920, when the partnership sold its interest in the lots, but the record fails to disclose the amounts of the curtailments, if any, and we must assume that the mortgage was still $9,500 on March 1, 1913. The partnership equity in the lots was, therefore, apparently worth less than nothing on that date.
Subsequently, in 1920, the partnership considering the lots a losing venture and being desirous of escaping responsibility of paying the mortgage interest and taxes, conveyed its equity to the owners of the other one-half interest for $1. So far as the record shows we therefore have the situation that the partnership sold for $1 in 1920, an interest in certain lots that cost $4,500 in 1909 and was worth nothing on March 1,1913. Under the Revenue Act of 1918, the loss, if any, from the sale of these lots must be computed on the basis of cost or value at March 1, 1913, whichever is lower. United States v. Flannery, 268 U. S. 98; McCaughn v. Ludington, 268 U. S. 106, and it is clear that on this basis the partnership sustained no loss from the sale.
The petitioners claim that the partnership, in computing its net income for the fiscal year ended October 31, 1920, is entitled to deduct the amount of $7,817 as additional amounts paid for traveling and entertainment expenses. They failed, however, at the hearing to produce any competent evidence to sustain this contention.
At the hearing the petitioners and the respondent stipulated that on February 1, 1920, Rose Brothers acquired the lease of a certain building for a term of three years and made improvements thereon at a cost of $3,026, and that the amount so expended should be amortized over the period of the lease and proportionate parts thereof deducted in computing the partnership income for each of the fiscal years ended October 31,1920, and October 31, 1921.

Judgment will be entered under Rule 50.