DEMPSTER MILL MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7684.  Promulgated July 11, 1928.

*Louis B. Montfort, Esq.*, and *Arthur S. French, C. P. A.*, for the petitioner.

*J. Harry Byrne, Esq.*, for the respondent.

OPINION.

STERNHAGEN: Much of the petitioner's argument is directed to a question of law, whether the so-called parent corporation in an affiliated group within section 240, Revenue Act of 1918, may deduct a loss brought about by the dissolution and liquidation of the subsidiary. The question has been considered in *Remington-Rand, Inc.*, 11 B. T. A. 773; *Baker-Vawter Co.*, 7 B. T. A. 594, and other cases, but petitioner says those cases are distinguishable in fact. We leave these questions undecided, because they arise only upon the assumption that, apart from affiliation, a loss has been sustained which under the statute may be deducted.

The evidence does not establish a loss. Before a deduction can be taken for loss in respect of property acquired prior to March 1, 1913, the basis of loss must be established, and such basis is the lower of the figures of the value of the asset on March 1, 1913, and the actual cost. *United States* v. *Flannery*, 268 U. S. 98; *McCaughn* v. *Ludington*, 268 U. S. 106. Here the evidence indicates that neither the assets nor the stock of the Florence Company was valuable on that date. The loss, if any there was, was sustained prior to March 1, 1913, and the formal dissolution in 1920 of the Florence Company gave the Dempster Company no new opportunity for a deduction. We say this notwithstanding the oral testimony of a witness primarily interested in the event that the Florence stock was on March 1, 1913, worth par, for in the light of the other evidence we must reject this witness's statement as an unsupported opinion. *The Conqueror*, 166 U. S. 110; *Bogle & Co.* v. *Commissioner of Internal Revenue*, 26 Fed. (2d) 771.

The petitioner claims a greater deduction than the Commissioner has allowed in respect of so-called bonuses paid to employees under the plan outlined in the findings. The terms of the plan are not in evidence, but its general provisions appear as set forth. Apparently the petitioner issued its own stock to the trustee, although it accounted for it as if it had paid cash, which in turn was used to buy stock. When the stock was issued it was worth $70 or $80 a share, or less than par. The Commissioner allowed a deduction measured by par, and the petitioner demands that the deduction be measured by an alleged book value of $150 a share used in accounting for the bonus. We need not go beyond the issues raised to consider whether the respondent, by permitting the deduction of the par value of the stock, has allowed too much; but the inadequacy of the evidence precludes the Board from stating, as the petitioner claims, that he allowed too little. We may not assume that the petitioner kept its books upon

other than the basis of cash receipts and disbursements; we may not assume that the book value of the stock was correctly taken to be $150 a share; and we may not assume that the corporation under the profit-sharing plan actually incurred an obligation of $30,862. From the pleadings it appears that all of these matters are in issue. The respondent's determination is sustained.

*Judgment will be entered under Rule 50.*