*56 OPINION.
Stbrnhagen:
The petitioner claims the right to deduct as a loss sustained in 1920 an alleged value of the stock loaned by the petitioner to various employees of the Goodyear Company to enable them to carry their accounts. In our opinion the claim must fail for several reasons.
The stock represented merely a loan by the petitioner, and its sale by the bank did not necessarily reflect a final loss to the petitioner. He might still look for reimbursement from his individual debtor who borrowed the stock. Furthermore, in*rnost instances the stock *57 held as collateral had in 1920 not yet been sold. Obviously, the petitioner could not claim a loss if he voluntarily relinquished his right against the borrower or refrained from exercising it. This would be particularly true in cases where the borrower of the stock ivas otherwise financially able to pay.
But even assuming that at the end of 1920 some of this stock was irrevocably gone without hope of any recoupment, the basis for deductible loss is not in evidence. As to such stock as was acquired prior to March 1, 1913, the loss would be based upon the lower of cost or value on March 1, 1913. United States v. Flannery, 268 U. S. 98; McCaughn v. Ludington, 268 U. S. 106. The cost is not in evidence. As to the stock acquired subsequent to March 1, 1913, the basis would be cost, and this figure is likewise not in evidence, either as to stock purchased or that acquired by stock dividend. Miles v. Safe Deposit & Trust Co., 259 U. S. 247. It can not be said that the stock market quotations appearing in the record represent the cost to the petitioner. Since, therefore, the evidence falls short of establishing either the fact that a loss was sustained in 1920 or the basis upon Avhich a loss may be measured, the respondent is sustained.
As to the loss claimed in respect of stock loaned to Zigler, the respondent allowed a deduction upon the basis of an alleged cost of $8.08 per share. The petitioner has not established that this basis is incorrect and the respondent is therefore sustained.

Judgment will he entered for the respondent.