**ROSE, Collector of Internal Revenue, v. TRUST CO. OF GEORGIA.**

Circuit Court of Appeals, Fifth Circuit.
October 26, 1928.

No. 5381.

T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Clint W. Hager, U. S. Atty., of Atlanta, Ga., on the brief), for appellant.

Walter T. Colquitt and Clifford L. Anderson, both of Atlanta, Ga. (Benj. J. Conyers, Granger Hansell, Colquitt & Conyers, and Anderson, Rountree & Crenshaw, all of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit to recover $199,764.84, alleged to have been improperly collected from appellee by appellant as income taxes for the year 1919. The jury was waived, and a judgment was entered by the District Court in favor of appellee for $199,258.53, with interest at 6 per cent. per annum from March 10, 1924. There is no dispute as to the facts. Those material to a decision are as follows:

In August, 1919, a syndicate, of which appellee was a member, was formed for the purpose of reorganizing the Coca-Cola Company of Georgia. Another company of the same name was incorporated under the law of Delaware, with a capital stock of 100,000 shares of preferred stock, of the par value of $100, and 500,000 shares of common stock, with no par value. The syndicate agreed to purchase 83,000 shares of the common stock at $5 per share and to underwrite the remaining 417,000 shares of common stock for sale to the public at $35 per share. The common stock was oversubscribed and was sold to the public at $40 and the syndicate received and paid for the stock it had agreed to purchase. The assets of the Coca-Cola Company of Georgia were transferred to the Coca-Cola Company of Delaware in exchange for the 100,000 shares of preferred stock and $15,-000,000 in cash. These assets consisted of physical property worth about $5,000,000, and the trade-mark and formula of Coca-Cola, together with the good will of the company. After it was put on the market, the common stock fell as low as $18 a share, but has since advanced greatly above the original price of $40.

Appellee received 13,677 shares of common stock at $5 per share as its portion, and on this transaction the Commissioner assessed income taxes based on an estimated profit of $35 per share. This stock was initially deposited with a trustee in a voting trust to run for 5 years. Subsequently 3,000 shares were sold, and the tax based on actual profit accounted for. The Commissioner, in assessing the tax, proceeded on the theory that the $5 per share paid by appellee was a nominal price, that the stock was really transferred as compensation for personal services in organizing the new corporation, and that a taxable profit was derived from the transaction in the difference between the amount paid and the market value at the time of transfer. The District Court held against this contention and reached the conclusion that appellee in good faith had purchased the stock; that the $5 per share paid was a capital investment; and that no profit had been derived, as the stock had not been disposed of in any manner, or its increase in value realized. To this error is assigned.

Conceding that compensation for personal services may be paid in property, instead of in money, and that income taxes may be assessed on the value of the property, we agree with the District Court that the transaction here in question was a purchase in good faith. In such case no taxable income would be derived until the disposal of the stock, except, of course, that arising from dividends. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; McCaughn v. Ludington, 268 U. S. 106, 45 S. Ct. 423, 69 L. Ed. 868.

Other questions are raised by appellant, but they are immaterial, and need not be discussed.

Affirmed.