JOSEPH E. WALLIS AND ETHELYN WALLIS KENNEDY, EXECUTORS, ESTATE OF CHARLES L. WALLIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13082.  Promulgated December 5, 1929.

*Ralph M. Kohlmeier, Esq.*, for the petitioners.
*C. H. Curl, Esq.*, for the respondent.

**OPINION.**

BLACK: In cases of this kind under the Act of 1918, in order to ascertain taxable gain or deductible loss, where property was acquired prior to March 1, 1913, it is necessary to prove (1) cost of property, (2) its fair market price or value as of March 1, 1913, and (3) the sale price. It is evident in this case that the sale was made for the purpose of making a deductible loss for income-tax purposes. This is permissible under the Act of 1918, provided there was in fact an actual bona fide sale.

Petitioners claim that this was such a sale, but in view of our conclusion it is not necessary to pass on the bona fides of the transaction. Petitioners have not proved the fair market price or value of the stock on March 1, 1913. Likewise there is no evidence of the assets or liabilities of the Bowers Southern Dredging Co. on that date, and there is no basis upon which to determine a loss, if any. This is absolutely essential and it results that the petitioners have failed to establish their claim. *United States* v. *Flannery*, 268 U. S. 98; *McCaughn* v. *Ludington*, 268 U. S. 106; *Anniston City Land Co.*, 2 B. T. A. 526; *Audubon Park Realty Co.*, 6 B. T. A. 875.

*Judgment will be entered for the respondent.*