MELROSE TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 29157.   Promulgated March 4, 1931.

*John W. MacLeod, Esq.*, and *Harry E. MacLeod, Esq.*, for the
petitioner.

*John E. Marshall, Esq.*, for the respondent.

## OPINION.

SMITH: The petitioner contends that the gain or loss from the sale in 1922 of the securities in question should be computed upon the base of their cost to the Melrose National Bank; that the petitioner is merely a continuation of the National Bank, and that the reincorporation for matters of convenience under the laws of Massachusetts did not effect any change in its taxable status or deprive it of any rights or benefits with respect to the securities in question that the former corporation would have had. In other words, the petitioner says that it is the same taxpayer which purchased the securities in 1911 and 1912 and that its gain or loss is the difference between their original cost at that time and their selling price in 1922. The respondent in his computation has used as a base for determining gain or loss the book value of the securities at January 22, 1916, the date on which they were transferred to the petitioner.

The following sections of the Revenue Acts of 1921 and 1924 are applicable:

*1921 Act:*

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*      \*      \*      \*      \*      \*      \*

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

*1924 Act:*

Sec. 206. (b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called " second year "), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called " third year ") ; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

If it is true, as petitioner contends, that for the purposes advanced it stands in the shoes of the National Bank, which question we do not decide, then it follows that the petitioner's acquisition of the securities occurred prior to March 1, 1913, and that the above quoted section 202(b) is applicable. In computing gain or loss under the provision of this section of the Act upon the sale of property acquired prior to March 1, 1913, it is necessary first to establish the value of the property on that date. *United States* v. *Flannery,* 268 U. S. 98; *McCaughn* v. *Ludington,* 268 U. S. 106; *Samuel S. Bloch,* 16 B. T. A. 425. The evidence in this proceeding is silent as to the March 1, 1913, value of the securities in question and for this reason we would be unable to determine the basis for computing gain or loss, even if we should sustain the petitioner's contention. *Chas. H. Sachs,* 6 B. T. A. 68; *Joseph E. Wallis,* 18 B. T. A. 432.

The facts in this case, although meager as to the details of the petitioner's organization, appear not to differ materially from those in *State Bank of Bloomington,* 11 B. T. A. 66, where we held that the taxpayer, a State bank, organized in 1918 to take over the business and assets of a national bank, acquired the assets of the national bank by purchase at that time and not through a reorganization, and that the gain or loss upon the subsequent sale of certain of the assets should be measured by the difference between the selling price and the cost to the taxpayer in 1918. In computing the deficiency herein, the respondent used as the cost bases the book values

of the securities in question as of the date when they were transferred to the petitioner. At the hearing counsel for the respondent moved for such increase in the deficiency as would result from recomputing the gain or loss upon the bases represented by the agreed fair market values of the securities at January 22, 1916.

As we understand the respondent's position, it is that, since the Key West Electric Company bonds were acquired by the petitioner in 1916 in exchange for its capital stock, their cost to the petitioner for the purpose at hand is their fair market value at that time, and that the cost of the shares of stock of the Pere Marquette Railroad Company is the fair market value of the bonds of that company at the time of acquisition in 1916, namely, $200, plus the $3,705 paid in the exchange transaction for such shares of stock. We have heretofore held that the fair market value of assets acquired in exchange for capital stock is determinative of the value of the stock and establishes the cost of such assets for the purpose of ascertaining the gain or loss upon a subsequent sale. *William Ziegler, Jr.*, 1 B. T. A. 186; *Wallis Tractor Co.*, 3 B. T. A. 981; *Rouse, Hempstone & Co.*, 7 B. T. A. 1018; *George A. Ricker*, 10 B. T. A. 11; *John Glackner Realty Corporation*, 11 B. T. A. 151; *Jefferson Livingston*, 18 B. T. A. 1184.

The respondent's motion to increase the deficiency is granted. The basis for the determination of the loss upon the sale of the Pere Marquette Railroad Company stock is $200 (the value of the Pere Marquette Railroad Company bonds received by the petitioner upon organization in 1916), plus $3,705 paid in the transaction by which the petitioner exchanged its bonds and cash for the stock in question; the basis for the determination of the gain upon the sale of the Key West Electric Company bonds is $10,875, the fair market value of those bonds at the date of acquisition in 1916.

*Judgment will be entered under Rule 50.*