EMIL RIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26423.   Promulgated March 15, 1932.

*Frederick D. Silber, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

898

## OPINION.

SEAWELL: The evidence shows there were two corporations organized largely for the same purposes. The Post Graduate Medical School of Chicago, herein termed the first corporation, was organized as a profit-making corporation. The second corporation, the Post Graduate Hospital and Medical School, was organized as a nonprofit-making corporation.

The record shows the first corporation was not operated very successfully and on that account and to escape payment of taxes, which as a corporation for profit it had to pay, it was deemed advisable to organize another corporation, a nonprofit-making corporation which would acquire the property of the first, and to dissolve the first corporation.

Resolutions passed by the stockholders of the Post Graduate Medical School of Chicago stated that they were " willing and anxious

to sacrifice considerable parts of their moneys invested in stock" of such school "for the purpose of increasing its usefulness and improving its standing" and were, therefore, ready to accept and did accept the proposition made by the Post Graduate Hospital and Medical School, which resulted in the stockholders of the first corporation, holding $69,000 of its stock, receiving therefore $23,000 of debenture bonds of the latter corporation, the petitioner herein receiving for his stock in the first corporation, which stock cost him $11,000, debenture bonds of the second corporation of the face value of $3,666.66. Prior to the acceptance of the proposition made the first corporation by the second corporation, there was no attempt made to sell the assets of the first corporation. What might have been realized by such a sale or what was then the value of the stock in such corporation is not shown.

The net result of the transaction is that the petitioner, having before March 1, 1913, purchased shares of the first corporation for $11,000, received in 1922 a liquidation thereof in the form of debentures having a face value of $3,666.66. What their fair market value was at the time of their receipt by the petitioner is not in evidence.

The applicable law in the circumstances of the instant case is the Revenue Act of 1921, which makes it necessary for March 1, 1913, value of the shares of stock in the Post Graduate Medical School of Chicago, purchased by the petitioner prior to that date, to be shown before any loss can be allowed petitioner because of the receipt by him of debentures of the face value of only $3,666.66. The evidence failing to show the March 1, 1913, value of shares which cost petitioner $11,000, no loss can be reckoned nor allowed. *Burnet* v. *Houston*, 283 U. S. 233.

If the petitioner's shares on March 1, 1913, were worth not more than $3,666.66 (the maximum value of the debentures he received) he would have no recognizable gain or loss. *United States* v. *Flannery*, 268 U. S. 98; *McCaughn* v. *Ludington*, 268 U. S. 106.

In view of the fact that the March 1, 1913, value of petitioner's shares is not in evidence, it is unnecessary to discuss or decide whether there was in law a reorganization or an exchange.

The Commissioner determined there was no loss and there is no evidence adduced overcoming the presumption of the correctness of such determination. Such determination is, therefore, approved. As to the deficiencies for both years, 1922 and 1923,

*Judgment will be entered for the respondent.*