N. J. BASCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45928.   Promulgated April 4, 1934.

*O. G. Maxwell, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

BLACK: Respondent has proposed for assessment against petitioner a liability of $660.19 under section 280 of the Revenue Act of 1926 as transferee of the assets of the N. J. Basch Co., a corporation, for unpaid income tax due from that company for the year 1926.

Petitioner admits by stipulation that he is a transferee of the N. J. Basch Co., and that he is liable as such transferee if the N. J. Basch Co. had a deficiency in tax for said year, but he denies that there was such a deficiency.

In cases under section 280 the burden of proof is upon the Commissioner to show that the petitioner is liable as a transferee of the property of a taxpayer, but not to show that the taxpayer was liable for the tax.   See section 602, Revenue Act of 1928.

Petitioner contends in this case that the respondent erred in not making proper allowance for the cost of good will purchased by the transferor in 1903.

The petitioner in 1889 started a clothing and men's furnishings store in Danville, Illinois, on $1,500 capital.   The business was run largely upon a cash basis and prospered under his individual ownership until 1903, when it was incorporated under the laws of Illinois as the N. J. Basch Co., with a capital stock of $40,000, divided into 400 shares of the par value of $100 each.   The subscribers to the capital stock were N. J. Basch (petitioner) 295 shares, $29,500; I. V. Landman, 50 shares, $5,000; N. B. Oppenheim, 50 shares, $5,000; and Gertrude Basch (petitioner's wife) 5 shares, $500. Landman and Oppenheim, although subscribers to the capital stock, really purchased their stock from Basch and paid him for it on the installment plan.

According to the agreement of the parties, Landman and Oppenheim were each to have a one-eighth interest in the business, for which they were each to pay $5,000 to petitioner. The stock of goods which belonged to Basch inventoried $39,680.30; fixtures, $1,484.55; and accounts receivable, $5,300, making a total of $46,464.85. These were conveyed to the corporation at 100 cents on the dollar in payment for its entire issue of $40,000 capital stock, and petitioner was to receive $10,000 in cash, to be paid to him by the corporation. The corporation subsequently paid this $10,000 to petitioner, of which $3,535.15 was paid to N. J. Basch for the good will of his business.

The corporation operated the business successfully until 1926, when it sold out for $66,704.61. Of this $66,704.61, $12,500 was for good will. All of this $12,500, which the corporation received for good will, the respondent held to be profit. In making its income tax return for 1926 the corporation claimed a March 1, 1913, value of good will of $5,000, which the respondent disallowed and added to income, causing the deficiency. Petitioner alleged in his petition that the disallowance of this March 1, 1913, value of $5,000 for good will was error, but on the hearing based his case on cost of good will in 1903, which he fixed at $3,535.15, being the difference between $50,000 and the value of the assets acquired by the corporation, viz., $46,464.85.

No evidence was introduced of the value or fair market price of the corporation's good will as of March 1, 1913.

Section 204 (b), Revenue Act of 1926, provides in part: " The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property * * * or (B) the fair market value of such property as of March 1, 1913, whichever is greater." Respondent contends that, in construing the above provision of the statute, it is necessary in such a case as we have here to prove (1) cost of property, (2) its fair market price or value as of March 1, 1913, and (3) sale price; and that, inasmuch as petitioner has not offered any evidence as to the value of petitioner's good will on March 1, 1913, petitioner cannot prevail in this proceeding, even though it is conceded that the good will when purchased in 1903 cost $3,535.15, as claimed. In support of this proposition respondent cites *United States* v. *Flannery*, 268 U.S. 98; *McCaughn* v. *Ludington*, 268 U.S. 106; *Burnet* v. *Houston*, 283 U.S. 223; *Anniston City Land Co.*, 2 B.T.A. 526; *Audubon Park Realty Co.*, 6 B.T.A. 875; *Joseph E. Wallis et al., Executors*, 18 B.T.A. 432.

All the above cited cases involve the application of the Revenue Act of 1918 and are not in point here. Section 202 (a)(1), Revenue

Act of 1918 provided that in determining gain or loss on property owned prior to March 1, 1913, the basis should be the fair market price or value of such property as of that date. Therefore, in every case where property owned prior to March 1, 1913, was sold, it was necessary in determining gain or loss to show the fair market value of such property on March 1, 1913. This provision of the law was changed, however, in subsequent revenue acts.

The revenue act applicable to the present proceeding is the Revenue Act of 1926, and as has already been stated section 204 (b) of that act provides that in determining gain or loss on the sale of property acquired prior to March 1, 1913, the basis shall be (1) cost or (2) March 1, 1913, value, *whichever is the greater*.

Therefore, in the present proceeding if the petitioner could have proved that the March 1, 1913, value of the good will of the N. J. Basch Co. was greater than its cost of $3,535.15, he would be entitled to use the larger basis in determining the gain or loss on the sale of good will in 1926, thus decreasing the amount of his taxable gain. However, petitioner has not proved that the March 1, 1913, value of the good will of the N. J. Basch Co. was greater than its cost. Therefore, cost is the correct basis to use, which in this case is $3,535.15.

*Decision will be entered under Rule 50.*