## APPEAL OF JACKSON COUNTY STATE BANK.

Docket No. 2612.   Submitted May 15, 1925.   Decided October 30, 1925.

Only the unextinguished cost of portions of a building removed or demolished in order to permit a building to be improved or remodeled, and not the March 1, 1913, replacement cost, where that exceeds the actual cost, may be taken as a deduction in determining the taxable income of a taxpayer.

*Charles H. Preston,* C. P. A., for the taxpayer.
*John D. Foley,* Esq., for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal involves the determination of a deficiency in income and profits taxes for the year ended March 31, 1921, in the amount of $822.27. It is based upon the disallowance by the Commissioner of a deduction of $3,058.77, claimed by the taxpayer on its return on account of the demolition and removal of a portion of its bank building.

### FINDINGS OF FACT.

The taxpayer is a Minnesota corporation engaged in the banking business at Lakefield. It owned a bank building which was erected in 1896 at a cost of $9,615, to which an addition costing $277.98 was made in 1910. During the fiscal year ended March 31, 1921, and before the end of the calendar year 1920, portions of the building were torn away and demolished and the building was remodeled in order to provide necessary facilities for the increased business of the bank.

A detailed statement of the replacement cost, as of March 1, 1913, of the portions of the building demolished, together with the percentages of the various portions of the building which were removed for the purpose of remodeling, is given below:

| | Unit price | Amount | Portions torn out |
|---|---|---|---|
| **BASEMENT** | | | *Per cent* |
| Excavation, 92′ by 52′ by 8′=1,417 cubic yards | $42.00 | $595.14 | None. |
| Front wall, 48′ by 8′ by 2′ thick, stone with footings, 7½ cords | 13.00 | 97.50 | 20 |
| Side wall, 92′ by 8′ by 2′ thick, stone with footings, 15½ cords | 13.00 | 201.50 | 5 |
| Rear wall, 48′ by 8′ by 2′ thick, stone with footings, 7½ cords | 13.00 | 97.50 | None. |
| Center wall, 66′ by 8′ by 1½′ thick, stone with footings, 8 cords | 13.00 | 104.00 | 50 |
| Inside wall, 92′ by 8′ by 2′ thick, stone with footings, 14½ cords | 13.00 | 188.50 | None. |
| Cement floor, 46′ by 89′=4,094 square feet cement floor | .08 | 327.52 | 20 |
| Basement vault, 10′ by 14′ 8″ by 2′ thick, with footings, 4½ cords | 13.00 | 58.50 | 10 |
| Basement millwork—trim doors—glass, etc., estimated | | 250.00 | 50 |
| Area and outside stairway to basement, estimated | | 375.00 | 35 |
| **FIRST FLOOR** | | | |
| Floor construction, 4,232 square feet, tile, wood, joists, bridging, maple floor, etc. | .48 | 2,031.36 | 15 |
| Partitions, approximately 50 linear feet, doors, trim, hardware, etc. | 4.00 | 200.00 | 75 |
| Plastering, 1,250 yards, lath, plaster, decorations | .75 | 937.50 | 80 |
| First floor vault, 10′ by 14′ by 10′ 2″, walls brick, 27 M common brick | 12.00 | 324.00 | 100 |
| Stairs to second floor, estimated | | 250.00 | 100 |
| Cement wall, 68′ by 14′ by 10″, brick, 20 M brick | 12.00 | 240.00 | 100 |
| **EXTERIOR** | | | |
| Front wall, 48′ by 33′ by 1′ 1″, face brick, common brick, and stone: | | | |
| 9 M face brick | 24.50 | 220.50 | 50 |
| 18,500 common brick | 12.00 | 212.00 | 50 |
| Millwork and glass, estimated | | 350.00 | 50 |
| Ornamentation, galvanized iron, stone, etc. | | 750.00 | 20 |
| Side wall, 92′ by 93′ by 1′ 1″, face brick, common brick, stone: | | | |
| 17,500 face brick | 24.50 | 428.75 | 25 |
| 37,500 common brick | 12.00 | 450.00 | 25 |
| Millwork, glass, estimated | | 600.00 | 25 |
| Ornamentation, galvanized iron, stone, etc., estimated | | 800.00 | 25 |
| Rear and inside walls: | | | |
| 1 stone, 92′ by 33′ by 1′ 1″. | | | None. |
| 1 stone, 48′ by 33′ by 1′ 1″, 97,000 common brick | 12.00 | 1,164.00 | None. |
| Millwork, etc., estimated | | 150.00 | None. |
| Chimney, 44′ high, 12″ brick wall, 12″ by 24″ flue, 9½ M brick | 12.00 | 114.00 | 100 |

| | Unit price | Amount | Portions torn out |
|---|---|---|---|
| SECOND FLOOR | | | *Per cent* |
| Floor construction, 4,232 square feet, joists, wood floor, etc._____ | $0. 47 | $1, 989. 90 | 3 |
| Partitions, 304 linear feet, doors, trim, etc._____ | 3. 80 | 115. 52 | 5 |
| 1,400 square yards lath, plastering, and decorations_____ | . 75 | 1, 050. 00 | 5 |
| 4,232 square feet roof construction, double joists, bridging, tar and gravel__ | 1. 10 | 4, 655. 40 | None. |
| MECHANICAL EQUIPMENT | | | |
| Heating, 1,800 feet straight steam radiation_____ | . 80 | 1, 440. 00 | 25 |
| Plumbing, estimated_____ | | 600. 00 | 15 |
| Wiring, estimated_____ | | 350. 00 | 25 |
| Total_____ | | 21, 717. 59 | |

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

TRAMMELL: It is the contention of the taxpayer that it is entitled to a deduction in the fiscal year ended in 1921, on account of the obsolescence of its bank building which was altered and remodeled in that part of the fiscal year which was in the calendar year 1920. In the opinion of the Board the situation presented by the taxpayer is not one which would entitle it to an obsolescence deduction.

Obsolescence is a process, more or less gradual, of becoming obsolete, and a deduction is spread over the years from the time that process begins until the property becomes obsolete. There is no evidence in this appeal of any such fact. The destruction or removal of parts of a building during the taxable year is not the subject of an obsolescence deduction.

We should go further, however, and determine upon the evidence presented whether the taxpayer is entitled to the deduction claimed on any other theory. Parts of the building were torn out and demolished.

The statute provides for a deduction on account of losses sustained during the taxable year. The expression " losses sustained " means actual losses and not paper losses. Where the March 1, 1913, value of property was greater than the cost, the actual loss sustained when the property is destroyed or demolished must be based on the cost of the property. Any other interpretation would be inconsistent with the principle announced in *United States* v. *Flannery*, 268 U. S. 98; and *McCaughn* v. *Ludington*, 268 U. S. 106. While in those cases losses on the sale of assets and not losses on account of destruction of property were involved, the basic principle is the same. In the case of a loss on the sale of property the statute expressly provides that, for the purpose of ascertaining the gain

derived or loss sustained in the case of property acquired before March 1, 1913, the basis for determining the deductible loss is the March 1, 1913, value. Yet the court held that the March 1, 1913, value was merely a guide-post to determine whether a loss had been sustained since March 1, 1913, and that the loss was not to be based on March 1, 1913, value unless that value was less than cost. The principle applies with equal force in the case of a loss on account of destruction of property. The basic principle of the decisions in the *Flannery* and *Ludington* cases was that the March 1, 1913, value of the property subsequently disposed of was not the fixed basis for computing the loss.

Since the building involved in this appeal cost less than its March 1, 1913, value, the loss which the taxpayer may deduct should be based upon cost and not upon the March 1, 1913, value. The evidence introduced related to the replacement cost of the portions of the building which were torn out and demolished. While it is not conceded that replacement cost on March 1, 1913, and the fair market value on that date would be the same, but, admitting that it were true for the purpose of this appeal, there is no evidence that the proportionate replacement cost on March 1, 1913, had any relation to the proportionate actual cost when the building was erected in 1896. We have no evidence before us as to what were the proportionate costs of the portions of the building which were torn away, and in the absence of any evidence on this point we are unable to determine what deduction the taxpayer would be entitled to receive. On account of the lack of evidence, therefore, we are unable to decide that the determination of the Commissioner was not correct.