MORRIS SASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6922.   Promulgated September 17, 1929.

*Robert Ash, Esq.,* and *Thos. J. Reilly, Esq.,* for the petitioner.
*R. H. Ritterbush, Esq.,* for the respondent.

OPINION.

LITTLETON: The Commissioner in his notice mailed to the petitioner July 30, 1925, determined deficiencies in income tax of $2,785.82 for the calendar year 1919 and $933.80 for 1921.

The issue is whether petitioner is entitled to a deduction of $19,253.54 for the taxable year, representing promissory notes given by him to the National Reserve Bank of Kansas City, Mo., in lieu of certain notes given to that bank by others which the petitioner had guaranteed.

Upon the first hearing of this proceeding a report and determination was promulgated June 28, 1927, wherein it was held that petitioner was not entitled to deduction of the amount claimed and, also, that the Commissioner had erroneously allowed a deduction of $4,899.58. Subsequently, on November 12, 1927, upon motion of the petitioner that the Board was in error in holding that the petitioner should not be allowed the deduction of $4,899.58, which had already been allowed by the Commissioner, for the reason that the Commissioner had not at or before the hearing of the proceeding made claim for an increased deficiency, the Board granted a rehearing. Thereafter, on March 19, 1928, the proceeding came on for hearing and it was heard upon the record theretofore made and upon the Commissioner's claim that the deficiency as determined by him should be increased by restoring to petitioner's income a deduction of $4,899.58 theretofore allowed by the Commissioner in his determination. In the Board's report and determination promulgated May 28, 1928, it was held that the $4,899.58 originally allowed by the Commissioner was a proper deduction and that the prior determination of the Board that petitioner was not entitled to a further deduction of $19,253.54 was correct. Decision of the Board was entered May 31, 1928.

Thereafter, on November 3, 1928, counsel for the petitioner filed another motion for reconsideration upon the ground that the deter-

mination of the Board in respect of $19,253.54 was contrary to the principle announced in the decision of the Board in the proceeding of *A. W. D. Weis*, 13 B. T. A. 1284. This motion came on for hearing before a division of the Board on November 27, 1928, and after hearing argument of counsel upon the record theretofore made, the Division entered an order vacating the decision entered May 31, 1928, and granted motion for reconsideration. At the hearing upon the last motion for reconsideration counsel for petitioner also relied upon the judgment of the United States Circuit Court of Appeals for the Eighth Circuit reversing the decision of the Board in *S. R. Davis*, reported in 9 B. T. A. 755.

From the facts disclosed by the record it appears that petitioner is a resident of Ardmore, Okla., and that for about thirty years he was engaged at Ardmore and in Davis County, Okla., in the credit supply business selling bonds to farmers and others in the surrounding territory. Prior to and including a part of the year 1917 he was engaged also in the business of loaning money for the National Reserve Bank in Kansas City, Mo., on chattel mortgages. He and the bank had reached an oral agreement whereby petitioner was to loan money for it at 10 per cent, taking as security for such loans chattel mortgages in the name of the bank, collecting the loans made upon the security thereof and guaranteeing to the bank any losses sustained by it by reason of nonpayment of any money loaned through the petitioner. It was further agreed that petitioner was to receive any interest over and above 10 per cent at which he might arrange a loan. Pursuant to this agreement petitioner arranged loans at rates above 10 per cent and took notes for the money to be loaned, together with chattel mortgages running to the bank as security therefor. When he had accumulated several notes and mortgages for money to be loaned he forwarded to the bank such notes and copies of mortgages and his own note for the aggregate amount of notes secured by the chattel mortgages plus 10 per cent. At the same time he drew a draft upon the bank for the face value of his own note. The proceeds of the draft were then turned over to the persons in the amounts of the notes given by them. The note given by petitioner was for the purpose of guaranteeing to the bank collection of the money loaned, with interest at the rate of 10 per cent. On account of the passage of an usury statute the petitioner sometime during the year 1917 ceased loaning money under the arrangement with the bank and in the year 1919 there remained unpaid $24,153.12 of the loans made on chattel mortgages and guaranteed by the petitioner. When accounting was made in 1919 petitioner, pursuant to his agreement with the bank, paid to the bank $4,899.58 in cash and gave the bank his note for $19,253.54 for the balance of the notes of others which the bank held and which petitioner had guaranteed.

Petitioner employed the cash receipts and disbursements method of accounting. In his return for 1919 petitioner claimed a deduction of $24,153.12 as a loss sustained in that year by reason of the payment by him to the bank of $4,899.58 in cash and the giving of his note for $19,253.54 to take the place of the notes of others given to the bank for loans made. Upon audit of the return the Commissioner disallowed the deduction of petitioner's note amounting to $19,253.54, and allowed as a deduction in that year the amount of $4,899.58 paid in cash. No portion of petitioner's note in the amount of $19,253.54 given to the bank in 1919 was paid in that year.

From a consideration of the record in this proceeding, the Board is of the opinion that the conclusion reached in its reports promulgated June 28, 1927, 7 B. T. A. 557, and, in respect of this issue, on May 28, 1928, 12 B. T. A. 156, was correct and that petitioner has not shown that he is entitled to a deduction of $19,253.54 by reason of the fact that he gave his note in that amount to the bank in the year 1919. Even under the petitioner's claim, in order to become entitled to a deduction of this amount, it is incumbent upon him to show by a preponderance of the evidence that the obligations of the borrowers, whose notes he had guaranteed, were worthless in the year 1919 and this he has failed to do. The mere fact that the bank called upon petitioner to take care of the unpaid notes of others, the payment of which he had guaranteed, and that he gave to the bank his promissory note, does not of itself prove that he has sustained a deductible loss in the year in which he gave his note. When petitioner gave his note to the bank he was subrogated to all rights of the bank against the makers of the notes remaining unpaid at that time and there is not sufficient evidence in this record to convince the Board that the notes given to the bank and taken over by petitioner were worthless and uncollectible in the taxable year. This fact distinguishes this case from the proceeding of *S. R. Davis*, 9 B. T. A. 755, and *A. W. D. Weis*, 13 B. T. A. 1284.

Reviewed by the Board.

> *Judgment will be entered finding deficiencies of $2,785.82 for 1919 and $933.80 for 1921.*

TRUSSELL dissents.