A. James Eckert, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 29656. Promulgated September 17, 1929.

*Henry T. Dorrance, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, and *Hugh Brewster, Esq.*, for the respondent.

OPINION.

ARUNDELL: The position of the petitioner is that by reason of the fact that he was compelled to make good his liability as an indorser of the corporation's notes, he is entitled to a deduction of $22,400 (one-half of the amount of the note given by the petitioner and Ainsworth), even though the note was not paid by cash. The respondent contends on the other hand that the amount is not deductible either as a loss sustained or a bad debt, since the petitioner did not during the taxable year disburse any cash or its equivalent in property. The facts are not in dispute.

Section 212 of the Revenue Act of 1924 provides:

(a) In the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by sections 214 and 206.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer * * *.

Section 214 (a) of the same Act provides that in computing net income there shall be allowed as deductions:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

(7) Debts ascertained to be worthless and charged off within the taxable year * * *.

In *Jackson County State Bank*, 2 B. T. A. 1100, we said: "The expression 'losses sustained' means actual losses and not paper losses." To be entitled to a deduction for a loss, a taxpayer "must prove as a fact that it was actually sustained within the year." *Carl Muller*, 4 B. T. A. 169. In *Electric Reduction Co.* v. *Lewellyn*, 11 Fed. (2d) 493 (reversed 275 U. S. 243, on other grounds) the following appears:

Failure to keep that which one has is a loss. *Foehrenbach* v. *German-American Title & Trust Co.*, 66 A. 561, 217 Pa. 332, 12 L. R. A. (N. S.) 465, 118 Am. St. Rep. 916. There are many kinds of loss: Money out of pocket; a judgment, changing the status from solvency to insolvency. *Schambs* v. *Fidelity & Casualty Co.*, 259 F. 55, 58, 170 C. C. A. 55, 6 A. L. R. 1231.

The petitioner in the case of *Morris Sass*, 12 B. T. A. 156, claimed the right to deduct as a loss the amount of a note he gave a bank in satisfaction of his contract of guaranty on a number of loans, he being on the cash basis in the year in which the instrument was executed. In sustaining the Commissioner's action disallowing the sum of the note as a deduction, we said:

The giving of a note does not constitute a disbursement or deprivation of cash, nor does it necessarily constitute a disbursement of the equivalent thereof. In giving his note to the bank, petitioner gave evidence of his indebtedness in

the amount of $19,253.54 incurred as a guarantor, but being on the cash receipts and disbursements basis, he did not sustain an actual and deductible loss, i. e., a deprivation of his property, until he paid the note subsequent to 1919.

An identical situation exists here. The petitioner did not at any time during the taxable year pay out any cash or its equivalent in property in satisfaction of his liability to the holder of the corporation's notes. He merely exchanged his note under which he was primarily liable for the corporation's notes under which he was secondarily liable, without any outlay of cash or property having a cash value. Not having paid out anything either prior to or during the taxable year, the petitioner had no investment to lose or to charge off as valueless. His cash assets were not diminished in any amount by the giving of the note. In our opinion the petitioner is not entitled to a deduction of the amount claimed either as a loss or as a worthless debt of the corporation. See *Morris Sass, supra,* and *Morris Sass,* 17 B. T. A. 261.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

SMITH dissents.