SAMUEL S. BLOCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23126.  Promulgated May 9, 1929.

*R. E. Cabell, Esq.,* and *Charles S. Swart, Esq.,* for the petitioner.
*B. M. Coon, Esq.,* and *C. R. Marshall, Esq.,* for the respondent.

**OPINION.**

SMITH: The questions presented by this proceeding are:

(1) The proper method of computing the petitioner's losses sustained in 1921, 1922, and 1923 in respect of the securities sold during those years but acquired prior to March 1, 1913.

(2) Whether the petitioner was engaged in a trade or business and entitled to deduct from the gross incomes of 1922 and 1924 net losses sustained in 1921 and 1923, provided the petitioner is entitled to deduct from the gross incomes of 1921 and 1923 losses on the sales of securities in those years represented by the difference between the selling price and the cost at the date of purchase where the securities were purchased prior to March 1, 1913, and such cost was uniformly in excess of the March 1, 1913, value, which in turn was in excess of the selling price.

The petitioner admits that the computation of the amounts of the losses in 1921, 1922, and. 1923 has been made by the respondent in accordance with the provisions of the Revenue Act of 1921 and

regulations thereunder. He contends, however, that such method of determination of the losses was not in accord with the intent and purpose and authorization of the Sixteenth Amendment to the Constitution. In support of this contention the petitioner relies upon *United States* v. *Flannery*, 268 U. S. 98, and *McCaughn* v. *Ludington*, 268 U. S. 106.

The statute involved is section 202 of the Revenue Act of 1921, which provides, so far as is here material, as follows:

(b) The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—

(1) If its fair market price or value as of March 1, 1913, is in excess of such basis, the gain to be included in the gross income shall be the excess of the amount realized therefor over such fair market price or value;

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; and

(3) If the amount realized therefor is more than such basis but not more than its fair market price or value as of March 1, 1913, or less than such basis but not less than such fair market price or value, no gain shall be included in and no loss deducted from the gross income.

The Revenue Act of 1924 was passed on June 2, 1924, and provides in section 204(b) that:

The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be (A) the cost of such property (or, in the case of such property as is described in paragraph (1), (4), or (5), of subdivision (a), the basis as therein provided), or (B) the fair market value of such property as of March 1, 1913, whichever is greater. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

The petitioner submits that:

From the line of decisions interpreting the successive Revenue Acts, it is clearly evident that the original intention of Congress, (to ; as it were, balance off all accounts as at March 1, 1913 and in computing gain or loss, disregard anything prior to that date, so that all gain or loss should be measured by the difference between March 1, 1913 value and selling price), was impossible to carry out because it substituted an arbitrary, and in many cases fictitious, value for the actual investment of the taxpayer, disregarding the actual money gain or loss from a given transaction to use instead a purely theoretical gain or loss. Thus, through the series of Supreme Court decisions, and changes in the statute following each such decision, it is evident that the theory of deductibility of losses was amended to conform to the Supreme Court's construction of the power of Congress to tax gains and recognize loss. * * *

It is further submitted that as the cases involving different combinations of conditions were decided, the acts and regulations were changed accordingly, until in the Revenue Act of 1924, the accumulated effect of the decisions and the logical effect thereof is shown by

the provisions that the basis of cost shall be the actual cost or March 1, 1913, value, whichever is greater; that from that condition, it is certainly reasonable to consider the intention of Congress to be fairly expressed in the language of the *Ludington* decision; that the Supreme Court has stated most explicitly that losses are to be treated in the same manner as gains, and gains are to be taxed on the amount of actual gain resulting from the purchase and sale of property, the only limitation by the March 1, 1913, value being that if its use will be to the advantage of the taxpayer, it may be used to reduce the tax; that if "losses with reference to March 1, 1913, value are to be determined the same as gains," as the court said in the *Ludington* case, the only use that may be made of the March 1, 1913, value would be to reduce the amount of tax computed on the transaction, and as the amount of the tax in the present case would not be reduced by the application of the March 1, 1913, value, such value must be disregarded; that if we apply to the present case the decision in the *Ludington* case, it will allow the deduction of the actual loss sustained, measured by the difference between the purchase and sale price of the property, "and this rule would apply with equal force whether the March 1, 1913, price were greater or less than the selling price."

The purpose and meaning of the Sixteenth Amendment to the Constitution is elaborately stated in *Brushaber* v. *Union Pacific Railroad Co.*, 240 U. S. 1. In the course of the opinion it is stated:

* * * There is no escape from the conclusion that the Amendment was drawn for the purpose of doing away for the future with the principle upon which the *Pollock Case* was decided, that is, of determining whether a tax on income was direct not by a consideration of the burden placed on the taxed income upon which it directly operated, but by taking into view the burden which resulted on the property from which the income was derived, since in express terms the Amendment provides that income taxes, from whatever source the income may be derived, shall not be subject to the regulation of apportionment. * * *

In the instant proceeding there is no question but that the petitioner derived a large amount of income during the years 1921, 1922, and 1923 from dividends and interest. It can not be doubted that Congress by the Revenue Act of 1921 intended to levy and did levy an income tax in respect of that income. The question before the Board is as to whether that income may be reduced by certain deductions therefrom for the purpose of determining the amount of the income upon which the tax shall be levied. The petitioner in effect contends that Congress must in any case provide for the deduction of the full amount of the difference between the cost of securities and the sales price where the latter is less than the former, without regard to the March 1, 1913, value in the determination of taxable net income.

That Congress did not do so is clearly stated in section 202 (b) of the Revenue Act of 1921, above quoted. It limited the actual loss deductible where the property was acquired prior to March 1, 1913, by the value at March 1, 1913, so that where, as in the instant proceeding, the cost was higher than the March 1, 1913, value, which in turn was higher than the selling price, the only part of the loss deductible from gross income is the difference between the March 1, 1913, value and the selling price. As we interpret the power of Congress to levy an income tax, there is no requirement that Congress permit the deduction of every kind of a loss that may be sustained by a taxpayer. The deduction of a loss from income received is purely a matter of grace. For instance, a gambling loss is not deductible from gross income. It was argued before the Supreme Court in *Stanton* v. *Baltic Mining Co.*, 240 U. S. 103, that where the depletion allowance allowed by Congress was less than the actual loss sustained, the law was repugnant to the Constitution and that the taxpayer was in any event entitled to deduct from gross income resulting from the operation of a mine the full amount of the depletion sustained. The court held, however, that this was not correct and that the income-tax law of 1913 was not repugnant to the Constitution by reason of limiting the loss. By the same token it must be held in the instant proceeding that the Revenue Act of 1921 is likewise not repugnant to the Constitution by limiting the loss deductible on the sale of securities to the difference between the March 1, 1913, value and the selling price where the securities, as in this case, were acquired prior to March 1, 1913, at a cost in excess of the March 1, 1913, value, which was in turn in excess of the selling price.

The fact that the Revenue Act of 1924 permits the deduction from gross income of the full amount of the loss in the case of a sale of securities in 1924 and subsequent years measured by the difference between the cost and the selling price where the securities were acquired prior to March 1, 1913, is not a valid argument that Congress intended by the Revenue Act of 1921 to permit the full amount of the loss. In the enactment of the Revenue Act of 1924, Congress deliberately changed the basis for determining the amount of the loss that might be deductible. In Report 179, dated February 11, 1924, at page 18, the Ways and Means Committee of the Sixty-Eighth Congress, gave the following explanation with respect to the change made by the 1924 Act:

(8) Subdivision (b) [meaning section 204 (b) of the Revenue Act of 1924] provides that the basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be the cost of the property or its fair market value as of March 1, 1913, whichever is higher. This

provision changes the existing law in the interest of the taxpayer. It simplifies exceedingly the rule in effect under the present law without appreciable loss to the Treasury.

The petitioner relies upon the decision of the Supreme Court in *McCaughn* v. *Ludington, supra.* This case involved the Revenue Act of 1918. The question there presented was whether a taxpayer who had prior to March 1, 1913, purchased securities at a cost of $32,500, the market value of which on March 1, 1913, was $37,050, and who sold the securities in 1919 for $3,866.91, could base his loss upon the March 1, 1913, value or upon cost. The court held that the deductible loss was the difference between the sale price and the cost and not the difference between the sale price and value as of March 1, 1913. In the course of the court's opinion it is stated:

The case is governed by the decision in *United States* v. *Flannery, supra.* It was there held * * * that the Act allowed a deduction to the extent only that an actual loss was sustained from the investment, as measured by the difference between the purchase and sale prices of the property. It follows that, as the actual loss to Ludington in the entire transaction was the difference between the purchase and selling prices, that is, $28,633.09, he was only entitled to deduct this amount, and not the difference of $33,183.09 between the market value on March 1, 1913, and the selling price. This is in exact correspondence with the decision in *Walsh* v. *Brewster, supra,* in reference to the second transaction there involved, in which it was held that the taxable gain derived from the sale of property was only the difference between the purchase and selling prices, and not the difference between the market value on March 1, 1913, and the selling price.

As will be noted from the above, the *Ludington* case and the *Flannery* case involve substantially different facts from those which obtain in the instant proceeding. Here there was a continuous decline in the value of the securities from the date of the purchase prior to 1913, to the date of sale. The statute permits the deduction from gross income of only such portion of the loss sustained upon the sale of the securities as is represented by the difference between the March 1, 1913, value and the selling price. The statute is not ambiguous upon the point involved. It is not repugnant to the Constitution. The Commissioner has determined the deductible losses strictly in accordance with the statute. The determination of the respondent as to the amount of the deductible losses is sustained.

Inasmuch as the petitioner admits that if the basis for the determination of the deductible loss is the basis laid down by the statute he has no net loss for either 1921 or 1923 to be carried forward to 1922 and 1924, respectively, for which the respondent has determined deficiencies, it becomes unnecessary to consider the question as to whether the petitioner was engaged in a trade or business within the meaning of section 204 of the Revenue Act of 1921.

*Judgment will be entered under Rule 50.*