*764 OPINION.
McMahon:
The parties have stipulated that on account of the decision of the Supreme Court in the case of Mutual Benefit Life Insurance Co. v. Duffy, Collector, 272 U. S. 613, invested capital shown in the notice of deficiency should be increased to such an extent that the excess-profits credit will be greater than the net income subject to excess-profits tax, that there is accordingly no excess-profits tax due and that the amount of $542,383.30 sliown in the notice of deficiency should be eliminated both as an excess-profits-tax item and as a credit in arriving at the amount subject to income tax. The stipulation disposes of all the other assignments of error except the one relating to the alleged loss upon the Austrian Gold Rentes. Adjustment will be made accordingly, under Rule 50, as to all those assignments of error disposed of by the stipulation.
We turn now to a consideration of the issue relating to the Gold Rentes. The evidence discloses that the petitioner, an insurance company, had on deposit, in 1917, with an Austrian Governmental depository in Vienna certain Austrian Gold Rentes, which were perpetual coupon bonds, as guaranty for the fulfillment of its obligations to its Austrian policyholders. In that year, under threat of sequestration of petitioner’s assets in Austria, Dr. Fritz von Foregger, who had, prior to the advent of the war, been petitioner’s counsel in Austria, made application to the Minister of Interior of Austria, to exchange the Gold Rentes for bonds of the VII Austrian War Loan of the same value. This application was without the authorization or consent of Arthur Schade, petitioner’s agent in Austria. Pursuant to this application, the Ministry of the Interior of Austria effected the sale of the Gold Rentes, and the purchase of bonds of the VII Austrian War Loan of the same value. This value was $2,560,388.88. Petitioner’s home office first learned of this exchange in 1919, and, in 1920, after communication with the Austrian Government, was informed that the Government would not *765 restore the Gold Rentes. As a result of this action, petitioner charged off to profit and loss in 1920 an amount of $4,786,947.09, representing the cost of all the Gold Rentes. The petitioner has never made any claim to the war loan bonds exchanged for the Gold Rentes in 1917. On the contrary, it appears that petitioner has at all times denied ownership of the war loan bonds and has consistently attempted to obtain restitution of the Gold Rentes. In its income-tax return for the year 1920, the petitioner claimed as a deduction, on account of loss sustained and not compensated for by insurance or otherwise, the amount of $4,786,947.09. This claimed deduction was disallowed by the respondent.
The Revenue Act of 1918 provides in part:
Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
# * * * ⅜ * ⅜
(5) Debts ascertained to be worthless and charged off within the taxable year.
The Board has held that bonds are debts within the meaning of the revenue acts and that if a taxpayer meets the requirements of the “ bad debts ” provisions of the revenue acts it is entitled to a deduction. Anna Bissell, 23 B. T. A. 572. We will, therefore, consider whether, in the instant proceeding, the petitioner is entitled to any deduction in the year 1920 under the provisions of section 234 (a) (5) of the Revenue Act of 1918.
The petitioner now claims in its brief a deduction of $4,398,251.41, which represents the total of the cost of the Gold Rentes purchased subsequent to March 1, 1913, and the value at March 1, 1913, of the Gold Rentes purchased prior to that date. The cost of the Gold Rentes purchased prior to March 1, 1913, was greater than their value at March 1, 1913. No greater deduction than $4,398,251.41 is possibly allowable under section 234 (a) (5) of the Revenue Act of 1918. United States v. Flannery, 268 U. S. 98; McCaughn v. Ludington, 268 U. S. 106; Ayer v. Blair, 26 Fed. (2d) 547; T. G. Northwall Co., 13 B. T. A. 881; and William H. Crocker, 14 B. T. A. 198; affirmed in Crocker v. Lucas, 37 Fed. (2d) 275.
In determining whether or not a debt is worthless we must, of course, determine whether the creditor can collect upon the debt. An examination of the evidence discloses that the net result of the action taken by the Austrian Government in 1917 was to deprive the petitioner of the Gold Rentes which were evidences of indebtedness of the Austrian Government to the petitioner. In view of the fact that the Austrian Government was at that time at war with the United States, the petitioner would not have been justified in entertaining hope of the restoration of the Gold Rentes or their payment *766 by the Austrian Government to petitioner. It is our opinion that the taking of the Gold Eentes and their sale by the Austrian Government to persons unknown to the petitioner rendered the debt of the Austrian Government to the petitioner uncollectible. We have here “ the occurrence of such events as prevent their collection.” See United States v. White Dental Mfg. Co., 274 U. S. 398, in which the Supreme Court stated:
* * * . The Statute obviously does not contemplate and the regulations (article 144) forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. New York Ins. Go. v. Edwards, 271 U. S. 109, 116, 46 S. Ot. 346, 70 L. Ed. 859, cf. Miles v. Safe Deposit 0⅛., 259 U. S. 247, 42 S. Ot. 483, 66 L. Ed. 923. But with equal certainty they do contemplate the deduction from gross income of losses, which are fixed by identifiable events, such as the sale of property (article 141, 144), or caused by its destruction or physical injury (article 141, 142, 143), or, in the ease of debts, by the occurrence of such events as prevent their collection (a/rticle 151). [Italics ours.]
⅝ ⅝ ⅜ # * ⅜1 *
The substitution by the Austrian Government of the War Loan bond's for the Gold Eentes with the Austrian Government depository did not amount to a substitution of evidence of indebtedness, since petitioner did not accept the War Loan bonds. For the same reason it can not be said that petitioner received payment in whole or in part for the Gold Eentes in 1917 when the War Loan bonds were thus substituted therefor. In 48 C. J. 595, it is stated:
In the absence of an agreement otherwise, providing, or the consent of the creditor to receive some other medium, payment may be made only in money * * *.
See also Willard v. Tayloe, 8 Wall. 557; Downey v. Hicks, 14 How. 240; Dodge v. Freedman's Sav. & T. Co., 93 U. S. 379; and Lukenbach v. W. J. McCahan Sugar Ref. Co., 248 U. S. 139.
In 1920 the petitioner definitely learned that the Austrian Government would not make restitution of the Gold Eentes and in that year petitioner charged off the full cost thereof. Thus the petitioner has met the requirements of the statute as to ascertainment of worthlessness and charging off of the debt, and is entitled to a deduction in the year 1920 of the cost of the Gold Eentes purchased subsequent to March 1, 1913, plus the March 1, 1913, value of those purchased prior to that date, which was less than their cost, less, however, $28,028.58, the value of the War Loan bonds which the Austrian Government had placed at petitioner’s disposal with the government depository. While it is true that petitioner did not accept these bonds, the fact remains that they were at its disposal, and in determining the loss which petitioner sustained we must take into account that it lay within petitioner’s power in 1920 to reduce its loss by the amount of the market value of the War Loan bonds.
*767 The fact that petitioner, in 1929, received from the Austrian Government an amount of $96,300, principal, and in addition interest thereon from January 1, 1921, as an award for the disposition of the Gold Rentes by the Austrian Government, does not affect the question of whether petitioner is entitled to the claimed deduction in the year 1920. See United States v. White Dental Mfg. Co., supra; and Jacob F. Brown et al., 18 B. T. A. 859.
Reviewed by the Board.

Judgment nmll be entered u/nder Rule 50.