GERALD C. FUNK AND JUDITH M. FUNK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Funk v. Commissioner
Docket No. 9847-80.
United States Tax Court
T.C. Memo 1981-506; 1981 Tax Ct. Memo LEXIS 241; 42 T.C.M. (CCH) 1065; T.C.M. (RIA) 81506; September 14, 1981. *241 Or or about Apr. 15, 1977 petitioners filed a joint return for 1976. Thereon petitioners stated constitutional objections to the payment of income taxes on compensation received from their employers. No return was filed for 1977. On Mar. 19, 1980 respondent sent notices of deficiency to petitioners, jointly for the 1976 taxable year and to each petitioner, separately, for the 1977 taxable year. Petitioners filed one timely petition with the Tax Court on June 18, 1980 with respect to all three notices. On or about Sept. 21, 1980 petitioners filed a joint return for 1977. Held, petitioners' constitutional arguments are without merit and the wages received from their employers constitute gross income. Sec. 61, I.R.C. 1954. Held further, petitioners are not entitled to elect to file a joint return for 1977 after receiving a notice of deficiency and after having filed a petition with the Tax Court for that year. Sec. 6013(b)(2)(C). Held further, petitioners are liable for additions to tax under sec. 6653(a) for negligence or intentional disregard of the rules and regulations for 1976 and 1977 and additions to tax under sec. 6651(a) for failure to file timely returns *242 for 1977. Gerald C. Funk and Judith M. Funk, pro se. Jeffrey D. Lerner, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notices of deficiency dated March 19, 1980, respondent determined the following deficiencies and additions to *244 tax in petitioners' Federal income taxes: Addition to tax under
Petitioner
Year
Deficiency
sec. 6651(a)
sec. 6653(a)
Gerald C. Funk
and Judith M.
Funk
1976
$ 5,562.21
$ 278.11
Gerald C. Funk
1977
6,668.81
$ 1,453.32
333.44
Judith M. Funk
1977
584.00
62.32
29.20
The issues for our decision are: (1) whether wages received by petitioners constitute gross income within the meaning of section 61, I.R.C. 1954; (2) whether petitioners are liable for additions to tax imposed under section 6651(a) for failure to file timely income tax returns; and (3) whether petitioners are liable for additions to tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto, and the supplemental stipulation of facts, are incorporated herein by this reference. Petitioners Gerald C. Funk and Judith M. Funk, husband and wife, resided in Rosemount, Minnesota at the time of filing their petition herein. For the taxable years in issue petitioners filed joint Federal income tax *245 returns with the Internal Revenue Service Center at Ogden, Utah. During the taxable year 1976 petitioners incurred deductible expenses totaling $ 4,783.30. During the taxable year 1977 petitioners incurred deductible expenses totaling $ 4,507.82, of which $ 2,565.01 was attributable to Gerald C. Funk, and $ 1,942.81 was attributable to Judith M. Funk. During the years 1976 and 1977 the petitioners had five dependent children. Gerald C. Funk provided more than half of the support for the five children during the 1977 year. On or about April 15, 1977 petitioners filed a Form 1040 with respondent for the taxable year ended December 31, 1976. Thereon petitioners elected to be taxed at rates applicable to married persons filing a joint return. The document contained a double asterisk in each space in which an income figure was to be reported. The double asterisk indicated that "specific objection is made under the fifth amendment U.S. Constitution, to the question of Federal Reserve Notes, and that similar objection is made to the question under the first, forth [sic], seventh, eighth, ninth, tenth, thirteenth, forteenth [sic], and sixteenth amendments [sic *246 .]" In addition petitioners attached 28 pages of attachments expounding on their constitutional objections. A second Form 1040 for the 1976 taxable year, dated September 21, 1980, was filed by petitioners with respondent on or about that date. The document reported zero as the amount of wages, salaries, tips or other employee compensation received by petitioners in 1976. A Form 1040 for 1977, also dated September 21, 1980, was filed by petitioners with respondent onor about that date. The document reported zero as the amount of wages, salaries, tips or other employee compensation received by petitioners in 1977. On March 19, 1980 respondent mailed a single statutory notice for the taxable year 1976 to Gerald C. Funk and Judith M. Funk. Therein respondent determined a deficiency in tax based upon petitioners' failure to report their 1976 wages as taxable income and a concomitant addition to tax for negligence or intentional disregard of the rules and regulations. The calculation of the deficiency was based on rates applicable to married persons filing joint returns. Also on March 19, 1980, respondent sent individual notices of deficiency to each of the petitioners for the *247 1977 taxable year. In each notice of deficiency respondent determined that the wages received by each of the petitioners were taxable income during 1977, and that each petitioner owed an addition to tax for negligence or intentional disregard of the rules and regulations as well as the addition to tax for failure to file a timely return. Each deficiency was calculated based on rates applicable to married persons filing separate returns. A single timely petition was filed with the Tax Court on June 18, 1980 for both taxable years. OPINION The first issue for our consideration is whether wages received by petitioners in 1976 and 1977 are subject to the Federal income tax. Petitioners' argument centers on the contention that compensation for labor is not constitutionally subject to the Federal income tax. They claim that an individual's labor is capital in which he or she possesses a property right; that an individual has the right to exchange that property right for other property, i.e., money; and that such a transaction is an equal exchange which does not give rise to any profit. Hence, petitioners contend that there is no income subject to tax and that respondent acted outside *248 the bounds of the Sixteenth Amendment in determining a deficiency. Petitioners' argument is based upon the premise that our system of income taxation is unconstitutional an enacted and as implemented. Suffice it to say that the constitutionality of the income tax under the Sixteenth Amendment was upheld by the Supreme Court in Brushaber v. Union Pac. R.R., 240 U.S. 1, 18 (1916), and has been sustained by this and other courts on countless occasions. See generally Eisner v. Macomber, 252 U.S. 189, 205 (1920); Bloch v. Commissioner, 16 B.T.A. 425, 429-431 (1929). Therefore, we summarily reject petitioners' Sixteenth Amendment claims. In addition, on the attachments to their Form 1040 for 1976, petitioners raised constitutional objections under the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendments. Such contentions are frivolous and without merit. All have been fully discussed and rejected in numerous prior opinions of this and other courts. [1] We say no more. *249 Turning to the thrust of the petitioners' argument, that compensation for labor is not constitutionally subject to the Federal income tax, we note that precisely the same argument was made to the Court in Hanson v. Commissioner, T.C Memo. 1980-197, and Brooks v. Commissioner, T.C. Memo. 1980-206. In those cases, we held that there is no constitutional impediment to levying an income tax on compensation for a taxpayer's labor. Furthermore, section 61(a) of the Code defines gross income as "all income from whatever source derived, including * * * compensation for services." At this late date, it is beyond peradventure that section 61 encompasses realized accessions to wealth. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955); Eisner v. Macomber, supra at 207. We therefore reject petitioners' argument as frivolous, without merit and lacking any legal justification. Next, we turn to petitioners' contention that respondent erred in computing separate 1977 deficiencies based upon rates applicable to married persons filing separately. Petitioners claim that they are entitled to the benefit of joint return *250 rates. At the outset we note that petitioners never filed a Form 1040 for the taxable year 1977 until September 21, 1980. As such, the Form 1040 was filed 3 months after petitioners had filed a petition with this Court. Section 6013(a) provides that a husband and wife may elect to file a joint return except in specified circumstances. In addition, section 6013(b)(1) permits couples to file joint returns for a taxable year even if they have already filed separate returns and the time for filing a return for such taxable year has expired. However, section 6013(b)(2)(C) limits the right of a taxpayer to elect a change from separate return statuts to joint return status "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213." We see no reason why petitioners, who filed no returns for 1977 until after the dates of the notices of deficiency and the petition, should achieve a better result than a taxpayer who files a separate return and later seeks to elect joint return status. See Durovic v. Commissioner, 487 F.2d 36, 42 (7th Cir. 1973), *251 affg. in pertinent part 54 T.C. 1364 (1970), cert. denied 417 U.S. 919 (1974). Accordingly, respondent correctly calculated petitioners' deficiencies based on separate return rates. Finally, respondent has determined that petitioners are liable for additions to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations for the taxable years 1976 and 1977. Petitioners have presented no evidence to demonstrate that respondent's determinations of deficiencies were erroneous. In fact, petitioners attached to their original Form 1040 for 1976 Forms W-2 reflecting wages received of $ 26,764.54. Furthermore, respondent determined that petitioners were liable for additions to tax under section 6651(a) for failure to file timely returns for the 1977 taxable year. No returns for 1977 were received by respondent until on or about September 21, 1980. Petitioners' constitutional objections neither relieve them of liability for the additions to tax nor constitute reasonable cause for failing to file a timely income tax return. See Hatfield v. Commissioner, 68 T.C. 895, 898 (1977); Hanson v. Commissioner, supra. *252 Therefore, respondent's determination with respect to petitioners' liabilities for additions to tax for negligence and for failure to file a timely tax return are sustained. Decision will be entered for the respondent. Footnotes
1. See Wright v. Commissioner, T.C. Memo. 1981-65, and cases cited therein. On this very point, our discussion in Hatfield v. Commissioner, 68 T.C. 895 (1977), is of particular interest. Therein we stated: In recent times this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. [68 T.C. at 899.] This Court's language in Hatfield↩ is even more cogent today because of our ever increasing caseload.